GEORGE W. BOYER, PLAINTIFF IN ERROR, v. WILLIAM BARR, DEFENDANT IN ERROR.

**Punitive, Exemplary, or Vindictive Damages.** In a civil action in the nature of *trespass vi et armis* for an assault and battery, an amount of damages equal to the full compensation of the plaintiff for the injury sustained by him cannot be increased by the addition of a fine for the punishment of the defendant.

ERROR from the Lancaster county district court.

*Hunter & Sawyer*, for plaintiff in error.

1. Where the civil action is based upon acts which constitute a crime under the laws of the state, no punitive damages can be allowed in the civil action. *Austin v. Wilson*, 4 Cush., 273. *Fay v. Parker*, 53 N. H., 342. *Tabor v. Hutson*, 5 Ind., 322. *Nolaman v. Ricket*, 18 Ind., 350. *Humphries v. Johnson*, 20 Ind., 190. *Cherry v. McCall*, 23 Ga., 193. *Southwick v. Ward*, 7 Jones (N. C.), 64. *Freese v. Trip*, 70 Ill., 496. *Albrecht v. Walker*, 73 Ill., 69.

2. Punitive damages assessed in a civil action are said to be allowed "when malice mingles in the controversy," not as compensation to the plaintiff, but as "an example to deter others." These grounds are identical. The same facts that prove the crime are also relied upon as ground for punitive damages. Scholastic men may draw distinctions, but nature has made no difference. More than one punishment for the same

offense is prohibited by sec. 12, art. I, of constitution of Nebraska; also by the common law.  4 Bl. Com., 335.  *United States v. Gilbert,* cited in Vol. 1, Arch. Crim. Plead. and Prac., 339.

3. Punitive damages can be regarded only as fines or penalties, and under sec. 5, art. VIII, constitution of Nebraska, they must be held as an inviolate trust as a part of the school fund.  *Atchison & Nebraska R. R. Co. v. Baty,* 6 Neb., 37, and cases there cited.  *Steele v. State,* 5 Blackf. (Ind.), 110.

*Lamb, Billingsley, & Lambertson,* for defendant in error.

Exemplary damages, or damages beyond compensation for the injury done, are recoverable in an action for assault and battery, especially when the injury is attended with circumstances of aggravation, or when malice and oppression appear.  A previous conviction and fine for an assault and battery is no bar to the recovery of exemplary damages in a civil action for the same assault and battery.  *Wiley v. Keokuk,* 6 Kan., 94. *Ward v. Ward,* 41 Iowa, 686.  *Cook v. Ellis,* 6 Hill, 466. *Roberts v. Mason,* 10 Ohio State, 277.  Sedgwick on Damages, 6th Ed., page 569.  *Fry v. Bennett,* 4 Duer, 247.  *Smithwith v. Ward,* 7 Jones L. R. (N. C.), 64. *Johnston v. Crawford,* Phillips L. R. (N. C.), 342.  *Hadley v. Watson,* 45 Vermont, 289.  *Hendrickson v. Kingsbury,* 21 Iowa, 379.  Field on Damages, sec. 89, page 105.  *McWilliams v. Bragg,* 3 Wis., 424.  *Birchard v. Booth,* 4 Wis., 67.  *Malone v. Murphy,* 2 Kan., 261. *Chiles v. Drake,* 2 Met. (Ky.), 146.  3 Johns., 64.  14 Johns., 352.  4 Seld., 462.  Opinion of Chief Justice Ryan, Central Law Journal, Vol. 7, No. 11, page 208.

COBB, J.

This was an action of trespass for an assault and battery, brought by the defendant in error against the plaintiff in error, originally in the county court, and carried to the district court of Lancaster county by appeal, where there was a trial to a jury and a verdict and judgment for two hundred dollars in favor of the plaintiff below, and brought to this court by petition in error on exceptions to the charge of the judge.

The following instructions were given at the request of defendant in error, and excepted to by plaintiff in error:

1. The defendant admits that he committed the assault and battery charged upon the plaintiff. Your verdict should therefore be for the plaintiff.

2. In assessing the amount of damages which the plaintiff should recover, if you find that the defendant acted deliberately and maliciously, you should recompense the plaintiff for—*First*, His mental suffering, the insult effected and the sense of degradation felt by the plaintiff; *Second*, You should also give compensation for the pains suffered by the plaintiff consequent on the beating; *Third*, You should also take into account the place where the defendant beat the plaintiff, whether it was a public place; the injury to the plaintiff's social standing. The fact that Mr. Boyer has been fined by Justice Taylor for the assault and battery complained of in this action will not bar a recovery for damages in this action. In addition to compensating plaintiff for injury actually committed, you may assess other damges as of a punitive or exemplary character.

It appears from the pleadings certified in the record that before the commencement of said action, the plaintiff in error was arrested and taken before a justice of the peace and fined for the said assault and battery, and

that he paid the fine; the *bona fides* of, which proceeding was however denied by the defendant in error.

The only question presented to this court is upon the second instruction and the last paragraph of it, upon which the plaintiff in error makes the point that where the civil action is based upon acts which constitute a crime, under the laws of the state punishable by fine or imprisonment, no punitive or exemplary damages can be allowed in the civil action.

Whatever views this court may arrive at upon this question, it will be a hopeless task to endeavor to reconcile them either with the adjudicated cases, or the conclusions of eminent text writers of either this country or England, for so far as we have been able to examine them they are pretty evenly divided both in numbers and weight of authority.

Some of the courts express regret at being compelled by force of precedent to hold in favor of allowing punitive damages in similar cases, while, were it a new question, their judgment would condemn it.

In a late case the supreme court of Wisconsin, through Chief Justice Ryan, uses the following language in a case exactly in point: "The argument and consideration of this case have gone to confirm the present members of this court in their disapprobation of the rule of exemplary damages, which they have inherited. But they fear to complicate the difficulties and incongruities of the rule by the exception urged, and do not feel at liberty to change or modify the rule at so late a day against the general authority elsewhere. As suggested in *Bass v. Railway Co.*, if a change should now be made it lies with the legislature rather than the court to abrogate or modify a rule running through the entire body of the reports of the state. As was once well observed, courts cannot be always inquiring into the original justice or wisdom of rules

long established and accepted." *Brown v. Swineford*, Central Law Journal, Vol. 7, No. 11, p. 208.

Mr. Justice Foster in his exhaustive opinion in *Fay v. Parker*, 53. N. H., 342, says, speaking of punitive damages: "Now why all this unnecessary trouble, confusion, and perplexity, when the course of procedure should be plain, straight, and uninterrupted? The true rule, simple and just, is to keep the civil and the criminal process and practice distinct and separate. Let the criminal law deal with the criminal, and administer punishment for the legitimate purpose and end of punishment, namely, the reformation of the offender and the safety of the people. Let the individual whose rights are infringed and who has suffered injury go to the civil courts and there obtain full and ample reparation and compensation; but let him not thus obtain the 'fruits' to which he is not entitled and which belong to others. Why longer tolerate a false doctrine which in practical exemplification deprives a defendant of his constitutional right of indictment or complaint on oath, before being called into court—deprives him of the right of meeting the witnesses against him face to face —deprives him of the right of not being compelled to testify against himself—deprives him of the right of being acquitted unless the proof of his offense is established beyond all reasonable doubt—deprives him of the right of not being punished twice for the same offense? Punitive damages destroy every constitutional safeguard within their reach. And what is to be gained by this annihilation and obliteration of fundamental law? The sole object in its practical results seems to be to give a plaintiff something which he does not claim in his declaration. If justice to the plaintiff required the destruction of the constitution there would be some pretext for wishing the constitution were destroyed. But why demolish the plainest guaranties of

that instrument and explode the very foundation upon which constitutional guaranties are based, for no other purpose than to perpetuate false theories, and develop unwholesome fruits?  Undoubtedly this pernicious doctrine 'has become so fixed in the law,' to repeat the language of Mr. Justice Campbell, of Michigan, 'that it may be *difficult* to get rid of it.  But it is the business of courts to deal with difficulties; and this heresy should be taken in hand without favor, firmly and fearlessly.'  It was once said. 'If thy right eye offend thee pluck it out   *   *   and if thy right hand offend thee cut it off,' wherefore not reluctantly should we apply the knife to this deformity, concerning which every true member of the sound and healthy body of the law may well exclaim, 'I have no need of thee.'"

To this court the question of punitive, vindictive, or exemplary damages is *tabula raza*, it now being presented for the first time.  And being thus called upon to lay the foundation for future adjudications on this subject in this state, we are warned to avoid a line of construction which seems to have been the fruitful source of so much difficulty otherwhere, and to follow those precedents and authorities which are the most satisfactory to our judgment, and which do not seem to have led to any embarrassing complications in their administration.

Mr. Justice Metcalf says "whether exemplary, vindictive, or punitive damages—that is damages beyond a compensation or satisfaction for the plaintiff's injury —can ever be legally awarded as an example to deter others from committing a similar injury, or as a punishment of the defendant for his malignity or wanton violation of social duty in committing the injury which is the subject of the suit, is a question upon which we are not now required nor disposed to express an opinion.  The arguments and the authorities on both sides of this question are to be found in 2 Greenl. on Evi-

dence, tit. Damages, and Sedgwick on Damages, 39, *et seq.* If such damages are ever recoverable we are clearly of the opinion that they cannot be recovered in an action for an injury which is also punishable by indictment, as libel and assault and battery. If they could be, the defendant might be punished twice for the same act." *Austin v. Wilson*, 4 Cushing, 273.

The supreme court of Indiana say: " Taber was liable to indictment for the assault and battery charged in this action and damages could not therefore be given beyond a compensation for the plaintiff's injury. He was not, it is true, confined to the proof of actual pecuniary loss; the jury might have taken into consideration every circumstance of the act which injuriously affected the plaintiff, not only in his property, but in his person, his peace of mind—in short, in his individual happiness. But we think the jury had no right, as charged by the circuit court, to give such additional damages as would tend to prevent such conduct, and give peace and security to private rights and the community in general." *Taber v. Hutson*, 5 Ind., 322.

The late venerable Sidney Breese, in an action brought by a woman against a brewer for damages for selling her husband beer on Sunday and making him drunk, uses the following language: "Again this court held in *Freese v. Tripp*, supra, that damages could not be awarded by way of punishment of the seller, as the law has provided for that by indictment, to be followed by fine and imprisonment. 'Vengeance is mine,' saith the law. * * * If appellant's conduct was in violation of law and outraged the public, the public have their remedy by indictment, and punishment of the guilty will assuredly follow. Can the law be said to be vindicated by putting money in the pockets of an individual under the claim of a real or fancied wrong done by another?" *Albrecht v. Walker*, 73 Ill., 69.

Approving as this court does of the law as laid down in the above cases, we cannot approve of the latter clause of the second charge given by the district judge on the trial of this cause, and for that reason there must be a new trial.

REVERSED AND REMANDED.