### The Cairo and St. Louis Railroad Company

#### *v.*

### William Peoples.

Negligence *as to fencing railroads—injury to stock—constitutionality of act allowing double damages.* Section 37, of chapter 114, Rev. Stat. 1874, p. 807,\* which provides that if any railroad corporation shall fail to erect and maintain suitable fences on either side of the road, etc., sufficient to prevent stock from getting on the track, such company shall be "liable for double the amount of all damages," is not obnoxious to that clause of the constitution of 1870 which provides that "no person shall be deprived of life, liberty or property, without due process of law." The act provides a compensation to the owner, and inflicts a penalty upon the company for neglect of duty, both of which are recoverable by the owner. The infliction of the penalty in such case can not be regarded as depriving a person of his property "without due process of law."

Appeal from the Circuit Court of Jackson county; the Hon. Monroe C. Crawford, Judge, presiding.

This suit was originally brought before a justice of the peace by William Peoples against the Cairo and St. Louis Railroad Company, to recover double the value of a cow alleged to have been killed on the 30th day of January, 1876, by a train on defendant's road. On the trial before the justice plaintiff recovered a judgment for $60, which was double the value of the animal killed, and on appeal to the circuit court that judgment was affirmed. The railroad company brings the case to this court on appeal.

---

\*This section was so amended by the act of May 23, 1877, Sess. Acts, p. 164, that such corporation shall be liable only for "all damages" in such cases.

Messrs. Judd & Whitehouse, for the appellant:

The act of 1874, Rev. Stat. p. 807, providing that railroad corporations shall be liable for "double the amount of damages," in case of injury to live stock which may get upon a railroad track by reason of a failure of the company to erect and maintain fences, as required, is in violation of that clause of the constitution of 1870 which provides that "no person shall be deprived of life, liberty or property, without due process of law."

Such a statute is both penal and compensatory in its character. *Parish* v. *Missouri, Kansas and Texas Ry. Co.* 63 Mo. 286.

Considering the statute as penal, can it be justified as a constitutional exercise of the police power of a State?

Any action under it would differ from a penal action proper, because a recovery of a penalty is authorized by a party other than the State. Bouvier's Law Dict. p. 318, "Penal Action," and case cited; *Hudson* v. *St. Louis, Kansas City and Northern Ry. Co.* 53 Mo. 525.

It is not a proper exercise of the police power of a State to impose a fine for the benefit of an individual, nor can a proceeding for an act to be punished by a fine which goes to an individual be properly styled a penal action.

If this be a penal statute, the fine or penalty should be imposed for the benefit of the State, and not go to the individual injured.

The right of a plaintiff to recover punitive damages, or more than full compensation for an injury, has been gravely questioned. Ryan, C. J. in *Bass* v. *Chicago and Northwestern Ry. Co.* 42 Wis. 672.

Punitive damages are, in fact, given in consideration of some extreme hardship; but a right to recover double damages authorizes the taking of a certain amount of the property of one person and giving it to another, after all actual damages have been satisfied, and when no other consideration could enter into the case than the actual damage suffered. A recovery of

such damages, through the compulsory process of the courts, deprives a party of " property without due process of law."

The phrase " due process of law," is equivalent to "the law of the land," and a statute, to be a law, must be one which the legislature had power to pass. *Sheppard* v. *Johnson*, 2 Hump. 285; *State* v. *Dougherty*, 60 Me. 509; *State* v. *Simmons*, 2 Spear, 767. These phrases are designed to exclude arbitrary power.

In effect, the question resolves itself simply to this: whether the legislature, for any purpose, can force one man to compensate another twice, or twenty times, for an injury.

A recent and well-considered case, (*Atchison and Nebraska Railroad Co.* v. *Baty*,) has been decided by the Supreme Court of Nebraska, wherein a law, substantially the same as ours, under a similar constitution, is distinctly declared to be unconstitutional. 6 Neb. 37.

Private property can not be taken for strictly private purposes at all, nor for public, without just compensation. *The People* v. *Morris*, 13 Wend. 328.

It may be stated as an established maxim in the policy of the State, that the legislative authority can not reach the life, liberty or property of the individual, except when he is convicted of crime, or when the sacrifice of his property is demanded by a just regard for the public welfare. *Taylor* v. *Porter*, 4 Hill, 145; *Wilkinson* v. *Leland*, 2 Peters, 658. See, also, *Bay City and Saginaw Railroad Co.* v. *Austin*, 21 Mich. 401; *Lewis* v. *Webb*, 3 Greenl. 326; *Holden* v. *James*, 11 Mass. 396; *James* v. *Reynolds*, 2 Texas, 251.

Mr. W. S. SEARLS, and Mr. L. P. BUTLER, also for the appellant.

Messrs. ALBRIGHT & WHITE, for the appellee, cited the cases of *Cairo and St. Louis Railroad Co.* v. *Murray*, 82 Ill. 76, *Ewing* v. *Chicago and Alton Railroad Co.* 72 id. 25, and *Cairo and St. Louis Railroad Co.* v. *Woosley*, 85 id. 370, reaffirming that decision, as decisive of the whole question that

railroad companies are not relieved from their duty to fence, or their liability, under the statute, for stock injured.

Mr. Justice Scott delivered the opinion of the Court:

This action was commenced under section 37, chapter 114, Rev. Stat. 1874, which provides that every railroad corporation that shall fail to erect and maintain suitable fences on either side of its road within six months after the same is open to use, sufficient to prevent stock from getting on the track, shall be "liable for double the amount of all damages" which may be done by its agents, engines or cars, to stock on such track. The law, however, has not made it obligatory upon railroad corporations to fence their roads at the crossings of public roads and highways, nor within the limits of cities and incorporated towns and villages. The stock for which plaintiff seeks to recover in this action, was not killed at any of the excepted places mentioned in the statute. As to that fact there is no disagreement between the parties. It is, therefore, a matter of no consequence whether the instruction given by the court on this branch of the case stated the law incorrectly or not, as it could, by no possibility, do defendant any harm. Defendant did not claim in the court below, nor is it claimed in this court, that the cow was killed at any of the excepted places on defendant's road, where such killing would not render the company liable, unless it were negligently or wilfully done, and hence it is manifest the instruction did not mislead the jury on the issues involved.

The point, however, relied on with the most confidence for a reversal of the judgment is, that the statute authorizing a recovery of double the amount of damages done to stock, where there has been a failure on the part of a railroad corporation to comply with the provisions of the act cited in regard to fences, is unconstitutional, and for that reason the judgment should be set aside.

Article 2, section 2, of the constitution of 1870, provides, "no person shall be deprived of life, liberty or property, with-

out due process of law;" and it is with that provision of the
constitution, it is said, the statute allowing the recovery of
double damages in such cases is in conflict.   The argument
seems to be, if we fully comprehend it, that any statute that
allows a party injured, in any case, to recover beyond the
actual damages sustained, in some way deprives the wrong-
doer of his property "without due process of law;" but how
that conclusion is reached is not apparent.   Statutes giving
the owner the right to recover against an officer who sells
under process of court property exempt from execution, in some
cases twice and others three times its value, have been enforced
in this State through a long series of years, without any sug-
gestion from any source that such statutes contravene any
constitutional provision designed for the protection of the
property of the citizen.   That such statutes, as well as the one
we are considering, are in their nature penal, may be admitted,
but that is not their distinguishing feature.   Such statutes are,
no doubt, designed, in part, to punish the wrong-doer for
negligent and wilful omissions of duty, imposed by considera-
tions of public concern; but most of all, the purpose is to
furnish the party injured compensation for wrongs done to
his person or property.

It is undeniable law, at least in this State, that in actions
for personal injuries the party injured may recover beyond
actual damages sustained, and where the facts and circum-
stances warrant the belief the injury was wilfully inflicted,
may recover exemplary or punitive damages.   In such cases
the damages recovered are both punitive and compensatory.
So with the statute we are considering,—it is in its nature
penal as well as compensatory.  · While the remedy given
affords compensation to the party whose stock is injured or
killed, it compels the observance by railroad corporations of
those duties imposed by law for the security of the property
of persons residing in the vicinity of their lines of road.   The
enforcement of such duties has always been regarded as within
the police powers of the State, and may be invoked whenever

the legislature deems it necessary to secure the public welfare. It is not perceived how the exercise of such powers contravenes any provision of our constitution, or deprives one of his property "without due process of law." With equal propriety it might be urged that the imposition of any penalty for wrongful conduct is inhibited by that provision of the constitution,—a position that finds no sanction in reason or law.

That the compensation provided by statute in such cases as the one at bar, although partaking of the nature of penalty, may be recovered in the name of the party injured, has been uniformly allowed under analogous statutes by the practice in this State. In the recent case of *Cairo and St. Louis Railroad Co.* v. *Murray,* 82 Ill. 76, it was expressly ruled, in a case arising under this statute, that the action was properly brought in the name of the owner of the stock, and that it need not be in the name of the people.

The case of *Atchison and Nebraska Railroad Co.* v. *Baty,* 6 Neb. 37, cited, can not be regarded as a controlling authority. That case seems to regard "double damages" for stock killed or injured as purely a penalty,—a proposition to which we can not fully yield our assent. Considering double damages as penalty, the conclusion reached by the court in the case cited was inevitable, as the constitution of that State, as the opinion declares, provides, that "all fines and penalties * * * shall be appropriated exclusively to the use and support of common schools," and hence the decision that no private individual could recover the penalty. But we have no such constitutional provision in this State, and, besides, the damages given by statute in such cases are not exclusively penalty, but are to be regarded as compensation as well as penalty, and may, therefore, be recovered in the name of the owner of the stock. Clearly, it is nothing more than a remedy given by statute for injury done to the property of the citizen, which, it is understood, it is competent at all times for the legislature to provide.

The judgment is warranted by the law and the evidence, and must be affirmed.                    *Judgment affirmed.*