HENRY HIER ET AL. V. ALLEN HUTCHINGS.

FILED MARCH 22, 1899. NO. 8836.

1. **Habeas Corpus: DISCHARGE OF PRISONER: UNLAWFUL REARREST: PENALTY.** To entitle a party aggrieved to a judgment for the amount prescribed by section 361 of the Criminal Code it is merely required that the conditions described in said section be shown to exist. The amount of recovery is liquidated by the statute referred to.

2. **Review: PARTIES: JOINDER: NEW TRIAL.** Where parties seeking relief join in a motion for a new trial and in a petition in error, if relief must be denied as to one it must be denied as to all.

ERROR from the district court of Box Butte county. Tried below before KINKAID, J. *Affirmed.*

*William Mitchell*, for plaintiffs in error:

Defendant in error, without express authority of statute, cannot maintain in his own name an action for the penalty prescribed by section 361 of the Criminal Code, forbidding the rearrest of a prisoner who had been discharged on habeas corpus. (*Colburn v. Swett*, 42 Mass. 232; *Omaha & R. V. R. Co. v. Hale*, 45 Neb. 418; *St. Louis, A. & T. R. Co. v. State*, 19 S. W. Rep. [Ark.] 572; *Fleming v. Bailey*, 5 East [Eng.] 313; *Barnard v. Gostling*, 2 East [Eng.] 569.)

*G. M. Sullivan* and *R. C. Noleman, contra.*

RYAN, C.

In this action there was a recovery in the district court of Box Butte county of the sum of $500 under the provisions of section 361 of the Criminal Code. The jury found specially that constable Hier received notice, before taking Hutchings into his custody, that Hutchings had already been released on habeas corpus from the custody of an officer by whom he had been arrested upon a mittimus in the same case as that in which was issued the mittimus by virtue of which constable Hier arrested him and carried him to the county seat, a distance of about fifteen miles, and that said constable continued to hold Hutchings in custody after receiving the notice aforesaid. The section of the Criminal Code above referred to provides that in such case the party offending shall forfeit to the party aggrieved the sum of $500. The evidence fully sustained the findings of the jury, and it is not necessary that we should review it for the purpose of justifying this conclusion. In their nature these damages were general (*Bank of Commerce v. Goos*, 39 Neb. 437), and hence it was proper that the statute should liquidate them; as was done by the provisions of the section above cited. In principle the same question was decided adversely to the contention of the plaintiffs in error in *Clearwater Bank v. Kurkonski*, 45 Neb. 1, and in *Perkins v. Butler County*, 46 Neb. 314. The sureties on his official bond were joined as defendants with the constable, and the judgment was against all the defendants jointly. Whether or not this was proper we express no opinion, for the motion for a new trial and the petition in error were made jointly by the parties complaining. The judgment of the district court is

AFFIRMED.