JOHN EVERSON v. STATE OF NEBRASKA.

FILED OCTOBER 22, 1902. No. 12,673.

Commissioner's opinion, Department No. 3.

1. **Sheriff's Deed:** PRIMA-FACIE EVIDENCE: PREMISES: GRANTEE: INTEREST. A sheriff's deed is of itself prima-facie evidence that the grantee holds all the title and interest in the land that was held by the judgment debtor at the time of the rendition of the judgment, or at any time thereafter up to the sale of the premises; and is prima-facie evidence of the validity of the judgment itself.

2. **Criminal Code:** EMBEZZLEMENT: DOUBLE PENALTY. The provision of section 124 of the Criminal Code, directing the assessment of a fine in double the amount embezzled, in addition to the imprisonment imposed in case of conviction, is not open to the objection that it inflicts a double penalty or punishment upon the defendant, or awards the injured party double damages.

3. **Criminal Action:** EMBEZZLEMENT: COMPENSATION. The legislature has authority in a criminal action to authorize a judgment which shall operate in favor of the party whose money or effects have been embezzled, as compensation for the value of the thing embezzled, and liquidated damages for the injury sustained. *Hancock County Commissioners v. Bank of Findlay*, 32 Ohio St., 194. *Wayne County v. Bressler*, 32 Nebr., 818.

4. **Fine:** PENALTY. While section 124, Criminal Code, denominates such judgment a fine, it is in reality allowed as compensation to the injured party, and is not a fine or penalty within the meaning of section 5, article 8, of the constitution.

ERROR from the district court for Harlan county. Tried below before ADAMS, J.  *Affirmed.*

*John Everson,* for himself; *William Gaslin* and *Webster S. Morlan* with him.

*Frank N. Prout, Attorney General, Norris Brown, A. M. Beresford* and *Gomar Thomas,* for the state.

DUFFIE, C.

The plaintiff prosecutes error from the judgment of the district court for Harlan county, wherein he was convicted of the offense of cutting down and destroying certain forest trees growing on land owned by Harlan county, Nebraska. The facts, as disclosed by the record before us, are as follows: One Ezra S. Whitney, at one time treasurer of Harlan county, conveyed the land in dispute to a trustee for the benefit of his bondsmen, and this land was finally conveyed to Harlan county in settlement of their liability upon the bond.  At the close of Whitney's term of office he was short in his accounts, and was informed against for embezzlement, tried, convicted and sentenced to two years and six months in the penitentiary, and also to pay a fine in the sum of $22,380, together with the costs of prosecution.  While Whitney was confined in the penitentiary under the sentence, execution was issued on the judgment for the fine and costs, and a levy made thereunder, and the land in question sold to Harlan county for the sum of $1,340.  November 28, 1898, the sale was confirmed by the

court and the sheriff directed to make a deed to Harlan county, which was accordingly done; the deed being dated February 13, 1899. The county claimed title through the two conveyances,—the trustee's and the sheriff's deeds. After the levy and sale and the order of confirmation, and on the 29th of November, 1898, Whitney conveyed the premises in question to the plaintiff in error by quit-claim deed, and his defense to the criminal prosecution rested principally upon his claim of ownership in the land by virtue of this latter deed. For the purpose of showing title to the land in Harlan county the state introduced in evidence the sheriff's deed, without first producing the judgment against Whitney or the execution issued thereon, and the plaintiff in error now insists that the deed was improperly admitted as evidence of title in Harlan county.

In the absence of a statute making the sheriff's deed prima-facie evidence of title in the grantee, the rule is inflexible that the judgment and execution under which the sale was made are to be shown, as well as the deed from the sheriff to the purchaser. This rule rests upon the fact that the sheriff, having no title in himself and acquiring none by the execution, is the instrument of the law for the transfer of the title. The transfer is made by the deed, but the authority of the sheriff to effect it comes from the judgment and execution. Hence it follows that this should be produced. *Jackson v. Hasbrouck,* 12 Johns. [N. Y.], 213; *Den v. Despreaux,* 12 N. J. Law, 182. In this state we have a statute making the sheriff's deed prima-facie evidence of the regularity of all prior proceedings. It recites: "The deed shall be sufficient evidence of the legality of such sale and the proceedings therein until the contrary be proved, and shall vest in the purchaser as good and as perfect an estate in the premises therein mentioned as was vested in the party, at or after the time when such lands and tenements became liable to the satisfaction of the judgment." Code of Civil Procedure, sec. 500.

The effect of a similar statute was before the supreme court of Kansas in *Shields v. Miller,* 9 Kan., 390, 397,

where it is said: "The sheriff's deed proves *prima facie* under said statute that the sale under which it was made was legal. This it could not do, unless it also proved *prima facie* that the judgment and execution under which the sale was made were also valid. A judgment can not be void, and the sale made under it legal and valid. If the judgment is illegal and void the sale must also necessarily be illegal and void. A sheriff's deed is therefore of itself prima-facie evidence that the grantee holds all the title and interest in the land that was held by the judgment-debtor at the time of the rendition of the judgment, or at any time thereafter up to the time of the sale of the premises; and it is prima-facie evidence of the validity of the judgment itself."

We think there was no error in admitting the deed in evidence without first producing the judgment and execution.

It is next insisted that the judgment against Whitney for $22,380 was not the property of Harlan county, that the county could claim no benefit therefrom or interest therein, and that under the provisions of section 5 of article 8 of the constitution the fine belonged to the school fund. Conceding that the judgment was a fine, in the most accurate definition of that term, we can not see how it avails the plaintiff in error. The land was undoubtedly sold upon execution issued upon that judgment. If the proceeds of the judgment belonged to the school fund, then Harlan county is indebted to the school fund for the amount bid at the sale, but it still has legal title to the land which was conveyed to it by the sheriff. We are not, however, prepared to hold that this judgment belonged to the school fund, or that the proceeds of the judgment should be paid into that fund. Section 124 of our Criminal Code provides that any person convicted of embezzling public funds "shall be imprisoned in the penitentiary not less than one year nor more than twenty-one years." And it further provides that he shall pay a fine equal to double the amount of money or property embezzled, which fine shall operate as a judgment at law for the use of the party

whose money or property has been embezzled. It will be seen by reading this statute that the fine is to operate as a judgment at law for the use of the party whose money has been embezzled, and this court has said, in a case involving the same principle, that section 5 of article 8 of the constitution was not intended to deprive the legislature of the power to pass statutes of this character, whereby a fixed sum, in the nature of liquidated damages, is given to one who has suffered injury by the wrongful act or oppression of a public officer. *Graham v. Kibble,*\* 9 Nebr., 182; *Clearwater Bank v. Kurkonski,* 45 Nebr., 1; *Hier v. Hutchings,* 58 Nebr., 334.

It is further insisted that the statute is unconstitutional as inflicting double punishment upon Whitney, in that in addition to the sentence of imprisonment, this fine was imposed. We can not give our assent to this reasoning, and do not care to put ourselves upon record as holding that the return of the property or the value of the property which the thief has embezzled or stolen, either voluntarily or by compulsory process, should be considered any part of his punishment, within the meaning of our Bill of Rights.

It is also argued that the statute allowing a fine to operate as a judgment in favor of the injured party in double the amount of the property embezzled, is unconstitutional, in that it allows double damage to the party injured.

In *Graham v. Kibble,* heretofore referred to, it is said (p. 185) : "It may be true that such statutory allowance is much in excess of the actual loss sustained or injury done, and therefore, to the extent that it is so in its effect upon the offending officer, is in the nature of a penalty. But the power of the legislature to fix the maximum,† or even the exact amount recoverable by a private person sustaining

---

\* That part of the statute of June 22, 1867, which gives to the owner of live stock "double the value" of his property accidentally injured or destroyed on a railroad track is void. *Atchison & N. R. Co. v. Baty,* 6 Nebr., 37. Compare the foregoing case with *Graham v. Kibble,* 9 Nebr., 182, wherein it is cited.—W. F. B.

† See Lord Campbell's Act, Cobbey, Annotated Statutes [Nebr.], sec. 5198, and note, Wheeler, ch. 21.—W. F. B.

injury, or that shall accrue to the public in case of official delinquency, can not be successfully questioned. Indeed it has been said by an able law writer in support, or rather in commendation, of such legislation, that 'a uniform measure of damages under the same substantial state of facts is desirable, even though the rule therefor be arbitrary.' Field, Law of Damages, sec. 17."

A similar statute was approved by the supreme court of Ohio in *Hancock County Commissioners v. Bank of Findlay,* 32 Ohio St., 194.

We have discovered no reversible error in the record, and therefore recommend that the judgment be affirmed.

AMES and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment is

AFFIRMED.