ROBERT ABEL, APPELLANT AND CROSS-APPELLEE, V. J. CEDRIC CONOVER, APPELLEE AND CROSS-APPELLANT.

104 N. W. 2d 684

Filed August 19, 1960.    No. 34787.

*Andrew K. Parkansky* and *Peter E. Marchetti,* for appellant.

*Neighbors & Danielson,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an action to recover treble damages, under section 7-106, R. R. S. 1943, for fraud and deceit on the part of the defendant while acting as city attorney of Bridgeport, Nebraska, as county attorney of Morrill County, Nebraska, and as an attorney at law. The trial court sustained the motion of the defendant for a judgment on the pleadings, and plaintiff has appealed.

The petition alleges in substance that on or about February 17, 1955, defendant was engaged by plaintiff's wife to represent her in a suit for a divorce against the plaintiff. On February 18, 1955, plaintiff was imprisoned in the city jail of the city of Bridgeport for a perod of 5 days, and on February 23, 1955, he was imprisoned in the county jail of Morrill County for 2 days. The plain-tiff was not charged with any criminal offense prior to his dismissal from the county jail. The plaintiff alleged that the defendant, under the pretext that he was acting in his official capacity, fraudulently procured a deed and a bill of sale of his property to plaintiff's wife, he not knowing that defendant was about to file a suit for divorce in her behalf. He also alleged that defendant induced him to sign voluntary commitment papers for commitment of plaintiff to the Hastings State Hospital. It was further alleged that defendant did on February

24, 1955, file a divorce petition for plaintiff's wife and obtained a decree of divorce in which the deed, bill of sale, and other papers so obtained, were used as evidence. Plaintiff appealed from the divorce decree to this court. Abel v. Abel, 168 Neb. 488, 96 N. W. 2d 276. Plaintiff alleged that the fraud and deceit of the defendant caused him great mental anguish and deprived him of his property and standing in the community. He alleged that the conduct of defendant caused him to forfeit to plaintiff treble damages as provided by section 7-106, R. R. S. 1943. He prayed for damages in the amount of $150,000.

Defendant alleged in his answer, insofar as it is pertinent to this appeal, that section 7-106, R. R. S. 1943, is violative of Article VII, section 5, of the Constitution of Nebraska, and that the action is barred by section 25-208, R. R. S. 1943, a 1-year statute of limitations.

The trial court held that section 7-106, R. R. S. 1943, insofar as it provides that an attorney shall forfeit to the injured party treble damages to be recovered in a civil action, is violative of Article VII, section 5, Constitution of Nebraska, and thereupon sustained defendant's motion for a judgment on the pleadings.

It is the contention of the defendant that section 7-106, R. R. S. 1943, is unconstitutional in that it violates Article VII, section 5, of the Nebraska Constitution. This statute provides: "An attorney and counselor who is guilty of deceit or collusion, or consents thereto, with intent to deceive a court, or judge, or a party to an action or proceeding, is liable to be disbarred, and shall forfeit to the injured party treble damages to be recovered in a civil action." It is argued that the provision that the guilty party shall forfeit to the injured party treble damages constitutes it a penalty and not a provision for liquidated damages, and consequently is void.

There is confusion in the cases as to the meaning of the words "fines, penalties, and license money" contained in Article VII, section 5, of the Constitution,

which provides: "All fines, penalties, and license money, arising under the general laws of the state, * * * shall belong and be paid over to the counties respectively, where the same may be levied or imposed, and all fines, penalties, and license money arising under the rules, by-laws, or ordinances of cities, villages, precincts, or other municipal subdivision less than a county, shall belong and be paid over to the same respectively. All such fines, penalties, and license money shall be appropriated exclusively to the use and support of the common schools in the respective subdivisions where the same may accrue, * * *."

It has been a fundamental rule of law in this state that punitive, vindictive, or exemplary damages will not be allowed, and that the measure of recovery in all civil cases is compensation for the injury sustained. This rule is so well settled that we dispose of it merely by the citation of cases so holding. Boyer v. Barr, 8 Neb. 68, 30 Am. R. 814; Atkins v. Gladwish, 25 Neb. 390, 41 N. W. 347; Bee Publishing Co. v. World Publishing Co., 59 Neb. 713, 82 N. W. 28; Wilfong v. Omaha & C. B. St. Ry. Co., 129 Neb. 600, 262 N. W. 537.

In School District of the City of Omaha v. Adams, 147 Neb. 1060, 26 N. W. 2d 24, this court held: "The words 'fines, penalties, and license moneys,' as used in section 5, article VII, of the Constitution, refer to and include fines imposed in the punishment of crimes and misdemeanors, exactions imposed for violations of ordinances and regulations growing out of the exercise of the police power and having the characteristics of a criminal proceeding, and generally speaking, such license fees as may be imposed upon businesses which by their nature require police regulation by the state and its governmental subdivisions." This interpretation of the constitutional provision was adhered to in School District of McCook v. City of McCook, 163 Neb. 817, 81 N. W. 2d 224; and Arthur v. Trindel, 168 Neb. 429, 96 N. W. 2d 208. We adhere to those decisions. The case be-

fore us is not controlled by those cases.

The defendant contends that section 7-106, R. R. S. 1943, provides for the collection of a penalty by an individual and is unconstitutional for that reason. The plaintiff asserts that the statute is remedial and within the power of the Legislature to enact. This question has been before this court many times with varying results. The genesis of the problem is in Atchison & Nebraska R. R. Co. v. Baty, 6 Neb. 37, 29 Am. R. 356, and Graham v. Kibble, 9 Neb. 182, 2 N. W. 455. Numerous cases followed these decisions in point of time which were not consistent with either or both of them. The question came squarely before the court in Sunderland Bros. Co. v. Chicago, B. & Q. R. R. Co., 104 Neb. 319, 177 N. W. 156, on rehearing, 104 Neb. 322, 179 N. W. 546. The holdings of that case are: A statute which imposes a liability for actual damages and in addition thereto a penalty to be paid to the injured party is repugnant to section 5, Article VIII, now Article VII, of the Constitution, which requires all fines and penalties arising under the general laws to go exclusively to the school fund. A statute which imposes liability for actual damages and additional liability for the same act provides a penalty.

The distinction between provisions providing for penalties and those providing for liquidated damages has been stated by this court to be as follows: "In construing a contract to determine whether or not a provision therein for the payment of a stipulated sum in case of default by one of the parties is to be considered as a penalty or liquidated damages, the court will consider the subject-matter, the language employed, and the intention of the parties. If the construction is doubtful, the agreement will be considered a penalty merely. If damages result from the performance or omission of acts, which damages are certain or can be ascertained by evidence, the stipulated sum is considered as a penalty; but where the acts or omissions occasioning

damages are not susceptible of measurement by a pecuniary standard, the sum stipulated ordinarily will be regarded as liquidated damages." Brennan v. Clark, 29 Neb. 385, 45 N. W. 472. See, also, Haffke v. Coffin, 89 Neb. 134, 130 N. W. 1045; Sunderland Bros. Co. v. Chicago, B. & Q. R. R. Co., *supra*.

"The purpose of liquidated damages is to furnish compensation for an injury sustained, and, if the amount provided does not bear a reasonable relation to the damage which might be contemplated by the parties, or if it is apparent that it was intended to more than cover that damage, and is not compensatory merely, then it must be construed as a penalty." Sunderland Bros. Co. v. Chicago, B. & Q. R. R. Co., *supra*.

It is clearly within the province of the Legislature to provide for liquidated damages in favor of a private person, although in form a penalty, if the amount provided bears a reasonable relation to the actual damages which might be sustained and which damages are not susceptible of measurement by ordinary pecuniary standards. But where it appears that the provision provides for the payment of an amount clearly in excess of compensatory damages, it is a penalty and violates the due process clause of the Constitution when considered with Article VII, section 5, thereof. While there is respectable authority from other jurisdictions that providing liquidated damages in favor of a private person in excess of those which are termed compensatory does not violate the due process and equal protection clauses, such has not been the holding when the Constitution contains a provision similar to that in Article VII, section 5, of the Constitution. This question was determined in Cairo & St. Louis R. R. Co. v. Peoples, 92 Ill. 97, 34 Am. R. 112 (which was quoted with approval in the Sunderland case), in the following language: "The case of Atchison and Nebraska Railroad Co. v. Baty, 6 Neb. 37, cited, can not be regarded as a controlling authority. That case seems to regard 'double damages' for stock

killed or injured as purely a penalty,—a proposition to which we can not fully yield our assent. Considering double damages as penalty, the conclusion reached by the court in the case cited was inevitable, as the constitution of that State, as the opinion declares, provides, that 'all fines and penalties * * * shall be appropriated exclusively to the use and support of common schools,' and hence the decision that no private individual could recover the penalty. But we have no such constitutional provision in this State, and, besides, the damages given by statute in such cases are not exclusively penalty, but are to be regarded as compensation as well as penalty, and may, therefore, be recovered in the name of the owner of the stock. Clearly, it is nothing more than a remedy given by statute for injury done to the property of the citizen, which, it is understood, it is competent at all times for the legislature to provide."

Whether or not the granting of double or treble damages is in violation of the due process clause standing alone, it is a violation of such clause when considered with Article VII, section 5, of the Constitution. Since all penalties must go to the benefit of the common schools of the state, a penalty for the benefit of a private person is violative of the cited constitutional provisions.

A statute such as section 7-106, R. R. S. 1943, which provides that the party committing the wrongful act shall forfeit to the injured party treble damages to be recovered in a civil action, authorizes the collection of a penalty. The effect of the statute is to authorize the actual compensatory damages to be determined, and then arbitrarily requires the defendant to pay to the plaintiff three times that sum. It therefore exceeds compensatory damages three times over and is a penalty prohibited by the due process clause, Article I, section 3, and Article VII, section 5, of the Constitution of Nebraska. ....

Arguments have been advanced by text writers and case reviewers that compensatory damages include not

only the actual damages sustained, but include actual cumulative harm and incentive liability. The adoption of such a theory as reason for sustaining double and treble damages to private persons would inject into the law a recovery of damages for reasons that were purely speculative and conjectural. It would be an excuse for permitting punitive and exemplary damages, the recovery of which has been consistently condemned by the law of this state. We find no logic in the argument that a statute may properly permit the recovery of such damages in view of our cited constitutional provisions prohibiting penalties in favor of private persons. If any such damages could be established, they must be recovered as actual compensatory damages.

We necessarily conclude that penalties in favor of private persons are prohibited by the two cited sections of the Constitution. This necessarily requires us to hold that the recovery of double or treble damages, that is, damages which double or treble the actual compensatory damages established, are in contravention of the same sections of the Nebraska Constitution. We consequently hold that section 7-106, R. R. S. 1943, insofar as it provides for treble damages, likewise is violative of the cited sections of the Constitution.

The plaintiff contends that the constitutionality of section 7-106, R. R. S. 1943, is sustained by Arthur v. Trindel, *supra;* McNish v. General Credit Corp., 164 Neb. 526, 83 N. W. 2d 1; and School District of the City of Omaha v. Adams, *supra.* Before reviewing these cases we point out that the case of Sunderland Bros. Co. v. Chicago, B. & Q. R. R. Co., *supra,* considered the same principle we have before us in the case at bar. The decisions of this court prior to that time were reviewed therein and the contentions of this plaintiff were advanced in that case and supported by a vigorous dissent. The majority opinion of the court in the Sunderland case has not been overruled or modified. We adhere to the principles announced in that case. It would serve no

purpose to again review the decisions of this court prior to the Sunderland case on the question before us.

In Arthur v. Trindel, *supra,* the action was brought by a taxpayer of the city of Beatrice against the defendant to recover money paid him for services and materials furnished the city while he was a salaried member of the city's board of public works. The court held that the action was remedial and not one to recover a penalty. This conclusion is correct for this reason: The statute, which was declaratory of the common law, condemns transactions by a person with a city while he is serving as an officer of the latter because of his conflict of interest, and gives him no cause of action against the city for services rendered or materials furnished to the city while serving the city. Any payment made to him for services and materials is therefore an unlawful expenditure of the city's funds which may be recovered back by the city, or by a taxpayer in its behalf. It is in no sense for the recovery of a penalty and is an action to recover money unlawfully expended by the city which it had no authority to pay. It has no controlling effect on the case before us.

In McNish v. General Credit Corp., *supra,* plaintiff brought a suit to void an installment loan contract because of excessive interest charges therein as limited by section 45-138, R. S. Supp., 1953, and to recover back the payments made thereon by the plaintiff. This court held that the action was for the recovery of "a fine, forfeiture, or penalty, imposed by a statute" for purposes of jurisdiction. It further held that it was not a fine or penalty within the meaning of Article VII, section 5, of the Constitution. Applicable statutes are therein cited to the effect that such a loan is void and that the licensee shall have no right to collect or receive any principal, interest, or charges on such loan. This court concluded, from the language used in the statute, that the Legislature intended that a lender should have nothing in such a situation and that the borrower should

have a judgment for the payments made. The effect of the statute as thus construed is that the purchaser retains the subject of the purchase, the note given in payment is void and uncollectible, and the purchaser is entitled to recover back any payments made thereon. Is the action to recover back the payments made an action to recover a penalty? We think not. The suit is not one for the recovery of damages. It is for the recovery of money actually paid to a licensee under a void installment loan which the licensee under the statute was not authorized to collect or to receive any payment thereon. The fixing of maximum rates of interest to be charged to avoid usury is a proper legislative function. Pursuant to such power it has fixed the maximum rate to be charged generally at 9 percent per annum. Under the Installment Loan Act, however, the Legislature has authorized interest charges greatly in excess of the 9 percent rate, but has circumscribed the charging of these higher rates with regulations which are strict in form and impose severe consequences in case of violation. One of the consequences in case of violation is that the installment loan contract is void and it is unlawful for the licensee to collect or receive any payments of principal, interest, or charges thereon. It provides an effective method of combatting unlawful and unconscionable interest charges which is clearly within the province of the Legislature to do. In ordinary transactions, where interest in excess of 9 percent per annum is charged, the lender may collect the principal but may not collect the interest. The power of the Legislature to so provide as a deterrent to the charging of usurious rates of interest has never been questioned. The situation is no different in this instant case except in degree. We are of the opinion that the Legislature under the police power, when it authorizes rates of interest otherwise usurious, may, in order to obtain strict compliance, in case of the violation of the statute, invalidate the obligation in whole or in part, and divest

the lender of his right to collect or receive payments thereof. It is within the power of the Legislature, when operating within the police power, to create liabilities and forfeitures for the violation of its enactments, if they do not violate constitutional provisions, for the purpose of insuring compliance therewith. Such enactments, otherwise properly enacted, do not violate the due process clause. The wisdom of such legislation is for the Legislature and not the courts. Under a statute making a contract void that is not in compliance therewith, and providing that it is unlawful to collect or receive payments thereof, an action to recover payments unlawfully received is not an action to recover a penalty. It is simply an action to recover money had and received, having none of the attributes of an action for the recovery of a penalty. While the action is in practical effect punitive as to the lender, it is in fact a forfeiture sustained by him in failing to comply with applicable usury statutes which void the usurious contract and provide that he shall forfeit principal, interest, and charges for so doing. We think that the statute is a proper exercise of the police power of the state and its enforcement by a suit to recover back principal or interest paid contrary to the provisions of the act does not involve the collection of a penalty contemplated by Article VII, section 5, of the Constitution.

Our finding that the action to recover payments made on the void installment loan contract is not a suit to recover a penalty is inconsistent with the holding in the McNish case that it was a suit for the recovery of a penalty for the purpose of jurisdiction under section 25-404, R. R. S. 1943. Our holding in the present case leaves the holding in the McNish case in the inconsistent position of declaring the action one for a penalty for the purpose of jurisdiction and that it was not an action to recover a penalty in order to escape unconstitutionality. The assumption that the action was for the re-

covery of a penalty is an erroneous one and the holding of that case to the effect that the district court for Cheyenne County had jurisdiction because the action was for the recovery of a penalty appears to be an improvident one. We overrule that part of the McNish case. So construed, the McNish case affords no comfort to the plaintiff in the instant case.

The case of School District of the City of Omaha v. Adams, *supra,* involved quite a different situation. It was a suit involving the 50 percent penalty for failure to list certain property for taxation. Taxation is the sole source of revenue to sustain the government. The listing of property for taxation is an essential step in the process of obtaining such revenue. It is a sovereign power by the exercise of which a government sustains itself. Measures enacted pursuant to this sovereign power of taxation, which are coercive and punitive, and which tend to procure the listing of all property for taxation, are sustainable as a proper exercise of that sovereign authority. As we said in the Adams case, the penalty for failure to list property for taxation is punitive as to the wrongdoer, but it is also compensatory to the state and the subdivisions thereof entitled to share in the tax for the delay caused by the failure to list for assessment purposes and the consequent derangement of tax records and collection processes. It necessarily involves considerations that play no part in a case where a private individual seeks to recover damages in excess of actual, compensatory damages. The case lends no support to plaintiff's contentions in the case now before us.

We conclude that section 7-106, R. R. S. 1943, insofar as it provides for treble damages, is violative of Article I, section 3, and Article VII, section 5, of the Nebraska Constitution.

The plaintiff next asserts that a statute which is declaratory of the common law does not divest the common law action. From this it is argued that even if

section 7-106, R. R. S. 1943, is unconstitutional, the petition states a cause of action under the common law and the motion for judgment on the pleadings was therefore erroneously sustained.

We are in accord with the view that a statute which merely recodifies a common law action, and does not purport to create a new statutory action, leaves the plaintiff in a position where an election of remedies is not required. State ex rel. Love v. Cosgrave, 85 Neb. 187, 122 N. W. 885, 26 L. R. A. N. S. 207. In Smith v. Chicago, St. P., M. & O. Ry. Co., 99 Neb. 719, 157 N. W. 622, this court held that when a statute provides a new and additional remedy to that provided at common law, the common law remedy is not divested, and both remedies are available to the injured party. But that is not the situation here. At common law an attorney is liable for deceit and collusion and for his malicious and tortious acts. The statute before us provided for treble damages in cases where it was "with intent to deceive a court, or judge, or a party to an action or proceeding," a distinct limitation upon the common law rule. The plaintiff sought to plead facts which would entitle him to treble damages and not merely actual damages. It is the general rule that one who seeks to recover liquidated damages waives his right to actual, compensatory damages and vice versa. Smith v. Chicago, St. P., M. & O. Ry. Co., *supra*. It is an election of remedies between two distinct causes of action. We think the announced rule of the Pennsylvania court in Hall v. Pennsylvania R. R. Co., 257 Pa. 54, 100 A. 1035, L. R. A. 1917F 414, is the correct declaration of the law. The court said: "An action under a statute like the one in question is brought to recover the penalty imposed by the act, and an amendment changing the form of action from one at common law to an action under the statute for a penalty has been uniformly considered by our courts as setting up a new cause of action, * * *."

We necessarily conclude that the plaintiff may not

plead a cause of action for treble damages under section 7-106, R. R. S. 1943, and subsequently rely on the general common law liability; certainly not without amending his pleading in accordance with the rules of practice in this state.

The petition shows that there was no suit pending when the acts complained of were committed. The case is not brought within the scope of section 7-106, R. R. S. 1943, even if the treble damage provision were constitutional. The petition was demurrable and the trial court did not err in sustaining the motion for a judgment on the pleadings.

AFFIRMED.

WENKE, J., concurring.

I concur in the result reached by the court but, for reasons hereinafter set forth, do not agree with the court's holdings in certain respects.

The court holds that the provisions of section 7-106, R. R. S. 1943, providing for treble damages, is violative of Article I, section 3, and Article VII, section 5, of the Constitution of Nebraska. I agree that such provision is unconstitutional for the reason that the Constitution of Nebraska does not permit the recovery of punitive, vindictive, or exemplary damages by individuals in civil cases. See cases cited in the court's opinion. However, I would not agree that all remedial statutes establishing the right of individuals to recover fixed amounts as liquidated damages in civil matters, although in the form of a penalty, necessarily come under the provisions of Article VII, section 5, of the Constitution of Nebraska. See, Graham v. Kibble, 9 Neb. 182, 2 N. W. 455; Clearwater Bank v. Kurkonski, 45 Neb. 1, 63 N. W. 133; Hier v. Hutchings, 58 Neb. 334, 78 N. W. 638; Everson v. State, 66 Neb. 154, 92 N. W. 137; Cram v. Chicago, B. & Q. Ry. Co., 84 Neb. 607, 122 N. W. 31, 26 L. R. A. N. S. 1022; Smith v. Chicago, St. P., M. & O. Ry. Co., 99 Neb. 719, 157 N. W. 622. As most recently stated by this court in School District of the City of

Omaha v. Adams, 147 Neb. 1060, 26 N. W. 2d 24: "Clearly a statutory provision for liquidated damages in favor of a private person where it is not so oppressive as to offend constitutional requirements as to due process, although in the form of a penalty, does not create a penalty that must be appropriated to the use and support of the common schools within the meaning of section 5, article VII, of the Constitution. * * * In this respect the more strict definition of the word 'penalty' was intended, i.e. the pecuniary punishment inflicted by a law, ordinance, or police regulation for its violation. While the statute is punitive as to the wrongdoer, it is remedial as to the taxing bodies involved. Consequently, it is not solely a punitive statute. So regarded, the penalty is not one contemplated by section 5, article VII, of the Constitution as we have herein interpreted that section."

The court concludes there is an inconsistency in our holding in McNish v. General Credit Corp., 164 Neb. 526, 83 N. W. 2d 1, to the effect that we held therein that an action brought under the Installment Loan Act is not an action for the recovery of a penalty within the provisions of Article VII, section 5, of the Constitution of Nebraska, but is a penalty within the meaning of section 25-404, R. R. S. 1943, for the purpose of giving the district court for Cheyenne County jurisdiction of the subject matter. In McNish v. General Credit Corp., supra, we did hold, and I think properly so, that it was not an action to recover a penalty coming within the provisions of Article VII, section 5, of the Constitution of Nebraska. We therein also held as follows: "* * * the district court for that county had jurisdiction of the subject matter. See § 25-404, R. R. S. 1943. It provides in part: 'Actions for the following causes must be brought in the county where the cause or some part thereof arose: (1) An action for the recovery of a fine, forfeiture, or penalty, imposed by a statute, * * *.'" Without explanation it might appear that an inconsist-

ency exists and for that reason I agree that the basis for our holding therein needs clarification.

It will be noted that section 25-404, R. R. S. 1943, includes, as a basis for jurisdiction, "An action for the recovery of a * * * forfeiture, * * * imposed by a statute, * * *," a subject not dealt with by Article VII, section 5, of the Constitution of Nebraska. Webster's New Twentieth Century Dictionary (2d Ed.), p. 719, defines forfeiture as "the act of forfeiting; the losing of some right, privilege, estate, honor, office, or property, by an offense, crime, breach of condition, or other act." See, also, the definitions of forfeiture as given in Black's Law Dictionary (4th Ed.), p. 1290; Arthur v. Trindel, 168 Neb. 429, 96 N. W. 2d 208. As stated in the court's opinion herein, while discussing the causes of action involved in McNish v. General Credit Corp., *supra:* "While the action is in practical effect punitive as to the lender, it is in fact a forfeiture sustained by him in failing to comply with applicable usury statutes which void the usurious contract and provide that he shall forfeit principal, interest, and charges for so doing." Thus it becomes evident that the action in McNish v. General Credit Corp., *supra,* was for a forfeiture and not a penalty and that no inconsistency exists in our holding therein which needs to be overruled.

But let us consider the meaning of the word "penalty" as found in section 25-404, R. R. S. 1943. It is apparent the Legislature did not intend, by subdivision (1) of section 25-404, R. R. S. 1943, to cover the same subject matter as is dealt with by Article VII, section 5, Constitution of Nebraska, for the matter relates to "All fines, penalties and license money" while the former relates to "An action for the recovery of a fine, forfeiture, or penalty, imposed by *statute* * * *." (Emphasis mine.) Thus it becomes self evident to me that what the Legislature intended by using the word "penalty" in this statute was to give courts jurisdiction to enforce rights in civil matters which it had, by statute, given individuals

in the form of a penalty or penalties. While not material here, I think section 25-404, R. R. S. 1943, should be considered in pari materia with such statutes.