REQUESTED BY: Dear Senator:
You have requested the opinion of this office concerning the constitutionality of two proposed amendments to L.B. 121. The Kelly amendment which you have provided to us makes two changes in what is now section 76-1416, R.R.S. 1943. First, it adds the requirement that the failure of the landlord to return the security deposit as provided by subsection (2) must be willful and not in good faith before the recovery provided to the tenant is allowed. Second, it adds `liquidated damages' of one month's periodic rent to what was before allowed to be recovered, the property and money due and attorney's fees. The Nichol amendment which you have provided to us amends the Kelly amendment by adding the following:
 "If the tenant fails to comply with obligations secured by the deposit under this section, and such failure is willful and not in good faith, the landlord may recover the property and money due the landlord, an amount of one month's periodic rent as liquidated damages, and reasonable attorney's fees."
Your specific question is whether the provisions in the two amendments relating to `liquidated damages' are constitutional under Abel v. Conover, 170 Neb. 926, 104 N.W.2d 684 (1960). In our opinion, both amendments are probably unconstitutional since they may be held to impose a penalty not reasonably related to actual damages in violation of Article VII, section 5 of the Nebraska Constitution and the due process clause.
Abel v. Conover, supra, states the rule very clearly concerning the question of whether liquidated damages are constitutional. The case states the rule as follows on page 931:
 "It is clearly within the province of the Legislature to provide for liquidated damages in favor of a private person, although inform a penalty, if the amount provided bears a reasonable relation to the actual damages which might be sustained and which damages are not susceptible of measurement by ordinary pecuniary standards. But where it appears the provision provides for the payment of an amount clearly in excess of compensatory damages, it is a penalty and violates the due process clause of the Constitution when considered with Article VII, section 5, thereof. . . ."
The question presented in the case of both amendments is whether an amount clearly in excess of compensatory damages is provided thereby constituting a penalty.
As we read the Kelly amendment it provides that if a landlord willfully and in bad faith fails to return a security deposit due the tenant, he is liable to not only return such money and pay reasonable attorney's fees to the tenant, but in addition he is liable to pay liquidated damages of one months periodic rent. If the failure to return the security deposit is not willful or is in good faith, then the tenant could only collect the money he is due. The liquidated damages provided do not appear to compensate the tenant for any damage he has incurred, but rather appear to be a penalty imposed upon the landlord for willfully and in bad faith withholding money due. As such, the provision of liquidated damages constitutionally defective. Furthermore, the liquidated damages do not appear to bear any reasonable relationship to actual damages incurred especially when it is considered that they are provided in addition to a recovery of the property or money due and reasonable attorney's fee. Finally, the damages incurred by the tenant due to the withholding of the security deposit are probably capable of being measured by ordinary pecuniary standards so that the use of the concept of liquidated damages may be inappropriate under the language quoted from Abel v. Conover.
The Nichol amendment provides to the landlord the same recovery as is provided to the tenant by the Kelly amendment in the case where the tenant willfully and in bad faith fails to comply with obligation secured by the deposit. This amendment is constitutionally defective for the same reasons expressed above concerning the Kelly amendment. The Nichol amendment, by providing liquidated damages in addition to the recovery of property or money due and reasonable attorney's fees when the failure is willful and in bad faith, imposes a penalty upon the tenant as oppose to compensation for actual damages to the landlord, contrary to the due process clause and Article III, section 5. Furthermore, the liquidate damages, being additional to other damages allowed, do not appear to bear a reasonable relationship to actual damages, and the actual damages of the landlord are probably capable of measurement by ordinary pecuniary standards.
For the reasons expressed we do not believe the constitutionality of either of the two proposed amendments to L.B. 121 could be successfully defended against constitutional attack.