REQUESTED BY: Dear Senator:
You have requested the opinion of this office concerning a proposed amendment to LB 121. That amendment would delete the present subsection (7) and replace it with the following:
 "(7) If a landlord's failure to comply with this section is willful and not in good faith, the aggrieved tenant may recover from such landlord the balance of the property and money due such tenant under (2) and, as liquidated special damages for loss of use of the property and money, an amount on one month's periodic rent, plus reasonable attorney fees."
That amendment is essentially the same as an amendment addressed earlier by this office in Opinion No. 79, except that this amendment specifies that the special damages are for the purpose of compensating for the loss of use of the property or money withheld. As was pointed out in the earlier opinion, Abel v. Conover, 170 Neb. 926,104 N.W.2d 684 (1960), states the applicable test to be applied as follows on page 931:
 "It is clearly within the province of the Legislature to provide for liquidated damages in favor of a private person, although in form a penalty, if the amount provided bears a reasonable relation to the actual damages which might be sustained and which damages are not susceptible of measurement by ordinary pecuniary standards. But where it appears that the provision provides for the payment of an amount clearly in excess of compensatory damages, it is a penalty and violates the due process clause of the Constitution when considered with Article VII, section 5, thereof. . . ."
Therefore, the question faced in whether the liquidated damages provided herein bears a reasonable relationship to actual damages which may be sustained, or conversely whether they are clearly in excess of the amount necessary to make the injured party whole.
The courts will give great deference to reasoned decisions made by the Legislature in the course of enacting legislation. In the instant case, if the Legislature clearly and purposefully determines that liquidated damages are provided herein because damages are not susceptible of measurement by ordinary pecuniary standards, and that the amount of liquidated damages provided bears a reasonable relationship to the actual damages which might be sustained, then the courts would certainly give great deference to that decision. However, in light of the fact that under subsection (1) of LB 121 the maximum amount of money or property that could be unjustifiably withheld is 125% of one month's periodic rent (one month security deposit plus an additional 1/4 for pets), it is questionable whether returning not only the amount unjustifiably withheld and attorney fees, but also giving the tenant an additional one month's rent for loss of use would be considered to bear a relationship to the actual damages sustained by the tenant. For instance, assume monthly rent of $100.00 so that the maximum security deposit allowable is $125.00. If the landlord unjustifiably withholds the entire $125.00, the tenant would be allowed to recover $225.00 (the amount due plus one month's periodic rent) plus his attorneys' fees. This, at least on the surface, would appear to be in excess of the tenant's damage. Therefore, it may be considered to be a penalty against the landlord which, under Abel v. Conover, would be unconstitutional. Therefore, it is our opinion that a substantial constitutional question would still exist.