### JAMES HALL v. W. H. HURD.

PENAL ACTION, *Lies When.* Under § 16, chapter 68, Comp. Laws of 1885, prescribing a penalty for failure to enter satisfaction of a paid mortgage on the record "immediately on demand of the mortgagor," the right of action for the penalty is not lost in such a case by omitting to bring action till after the satisfaction was entered, nor by the fact that an action was brought and was dismissed by plaintiff under a mistaken belief that he could not maintain it.

*Motion for Judgment for Plaintiff.*

THE facts are stated in *Hall v. Hurd,* ante, pp. 374, *et seq.,* and in the opinion herein. The court sustained the motion for judgment for plaintiff, at its session in May, 1889.

*Brown & Kline,* for plaintiff in error.

*J. W. Ady,* for defendant in error.

*Per Curiam:* This case was decided by this court on December 8, 1888, and will be found reported *ante,* pp. 374, *et seq.,* and 20 Pac. Rep. 802. A motion for judgment in favor of the plaintiff upon the special findings of the court below has been made, and another question is now presented, which was not considered or decided when the former de-

cision was made. It appears that in September, 1882, and prior thereto, Hurd, the defendant in error, held as mortgagee a chattel mortgage upon certain personal property belonging to Hall, the plaintiff in error and mortgagor, which mortgage had been duly deposited with the register of deeds of Harvey county, the county in which the property was situated. On September 18, 1882, this mortgage was paid and satisfied, but the mortgagee failed to enter satisfaction of record; and sometime in February, 1883, the mortgagor commenced an action before a justice of the peace of Harvey county against the mortgagee for the penalty provided for by §§ 8 and 16 of the act relating to mortgages. A few days afterward, but still in February, 1883, the mortgagor demanded of the mortgagee that he should enter satisfaction of the mortgage of record. The case remained pending in the justice's court and in the district court up to September 25, 1884, when it was dismissed by the plaintiff, presumably for the reason that he believed that he could not maintain the action for the reason that he had made no demand on the mortgagee prior to commencing his action to enter satisfaction of the mortgage of record; and on September 24, 1885, the plaintiff again commenced an action on the same cause of action, which is this present action. While the former suit was pending in the district court, not earlier than December, 1883, and not later than September 25, 1884, a paper was delivered to the register of deeds as a supposed release or satisfaction of the mortgage, as shown by the following findings made by the district court in answer to certain interrogatories, to wit:

"9. State whether or not the defendant, upon being demanded to release said mortgage, entered satisfaction thereof immediately in the office of the register of deeds of Harvey county, Kansas. No.

"10. When did the plaintiff first demand of the defendant to release said mortgage of record? The demand was made the last of February, 1883.

"11. When, if ever, did the defendant enter satisfaction of the mortgage of record, and how was said release made, and how was it acknowledged? A release was signed by defend-

ant, and through J. W. Ady, his attorney, was delivered to the register of deeds of Harvey county while the former action was pending in the district court, but was not acknowledged."

In our former decision it was held that in all such actions as this, a demand is necessary before the commencement of the action for the penalty, and that the present action was not and is not barred by any statute of limitations.   Still another question is now presented, which is stated in the defendant's brief as follows:

"Does the fact that the defendant did not enter satisfaction for several months after demand made render him liable for this penalty, notwithstanding he actually did enter satisfaction before the action was brought?"

The plaintiff answers this question as follows: 1. That his action was in effect commenced in February, 1883, when he commenced his first action before the justice of the peace, and that it was therefore commenced a long time before the supposed entry of record of the satisfaction of the mortgage was made; 2. That the supposed entry of satisfaction was defective and insufficient, and was in law and in fact no entry of satisfaction at all; 3. That even if the supposed entry of satisfaction was sufficient in manner and in form, still that it was made too late to avoid the penalty.

The object of the statute in requiring that satisfaction of a satisfied mortgage shall be entered of record "immediately on demand of the mortgagor," and fixing a penalty for any failure to observe this requirement, is obvious.   The mortgage being placed on record gives notice to the world of the mortgagor's indebtedness and of the incumbrance upon his property.   This of course affects injuriously his financial standing and credit, renders his property less valuable in the market, and almost destroys its further use as a security, but the entering of satisfaction of the mortgage of record restores his credit, restores the market value of his property, and makes it again available for business purposes.   Hence not only the law but also equity and justice require that satisfaction of a satisfied mortgage

should be entered of record immediately after the satisfaction, and especially so where the mortgagor so requests that the same shall be done.    In the language of the statute, it should be done "immediately on demand of the mortgagor."    Now satisfaction in the present case was not entered immediately on demand of the mortgagor, and the court below so found.    It was not entered within a reasonable time after demand.    It was not entered for at least ten months after demand, and may not have been entered that soon; hence it would seem that a cause of action for the penalty must have accrued several months before the supposed entry of satisfaction was made. Of course the word "immediately," as used in the statute, should receive a very liberal interpretation.    In any case the next day after the actual satisfaction of the mortgage would probably be amply sufficient, and in some cases it might be several days.    We might indeed imagine cases where two or three weeks or possibly a month or more would answer, but no imaginable case could cover this case.    Unquestionably the cause of action for the penalty in the present case accrued several months before the supposed satisfaction was entered, and we do not think that what was done in the present case destroyed or abrogated that cause of action.    Mr. Jones in his book on Mortgages uses the following language:

"After the penalty for neglecting to discharge a mortgage of record, after request, has been once incurred, a subsequent entry of satisfaction, even if entered before suit is brought for the penalty, is no defense; neither is it any defense that the mortgagor has subsequently conveyed the land to the mortgagee, and the deed has been recorded." (2 Jones on Mortgages, § 990.) See also *Deeter v. Crossley*, 26 Iowa, 182.)

The motion of the plaintiff will be sustained, and judgment in his favor upon the special findings of the court below will be ordered.