Hon. ROBERT. RYAN,
Hon. JOHN M. RAGAN, } Commissioners..
Hon. FRANK IRVINE,

---

Clearwater Bank v. Martin Kürkonski.

Filed May 1, 1895.   No. 5928.

1. **Review:** Validity of Statute: Constitutional Law: Questions Not Presented Below.   Where a statute is claimed to be invalid on the ground that it was not enacted in the constitutional mode, such invalidity must be presented by the pleadings or in some other form in the trial court to be of any avail here.   Such objection cannot be raised for the first time in the appellate court.

2. **Constitutional Law:** Chattel Mortgages: Satisfaction. That portion of section 15, chapter 32, Compiled Statutes, which gives to the mortgagor of chattels a right of action to recover

the sum therein prescribed as liquidated damages for a failure of a mortgagee or his assignee to enter satisfaction of record of a chattel mortgage which has been paid within ten days after being thereto requested, does not conflict with section 3, article 1, nor with section 5, article 8, of the constitution of this state. *Graham v Kibble*, 9 Neb., 182, followed.

3. **Chattel Mortgages**: SATISFACTION: DEMAND: ACTION FOR PENALTY. A demand must be made upon the mortgagee or his assignee for the satisfaction of a mortgage, before an action can be maintained to recover the fixed sum named in said section 15.

4. ———: ———: ———: ———. The entry of satisfaction after the statutory period will not defeat such an action.

ERROR from the district court of Antelope county. Tried below before ALLEN, J.

The facts appear in the opinion.

*Robertson, Wigton & Whitham,* for plaintiff in error:

The amount sued for is a penalty. In an action for damages the true measure of plaintiff's recovery is the damage actually sustained. (*Atchison & N. R. Co. v. Baty,* 6 Neb., 40; *Boyer v. Barr,* 8 Neb., 71; *Roose v. Perkins,* 9 Neb., 315; *Riewe v. McCormick,* 11 Neb., 264; *Boldt v. Budwig,* 19 Neb., 745.)

Satisfaction having been entered before actual damages were sustained and before suit was brought, there can be no recovery for the penalty. (*Dickenson v. State,* 20 Neb., 81.)

The court should have instructed the jury that the demand for satisfaction of the mortgage should be direct, and not dependent upon a contingency or future event. (*Ewbanks v. Ashley,* 36 Ill., 177.)

*S. D. Thornton* and *O. A. Williams, contra:*

The penalty is incurred by a failure to enter the satisfaction within the proper time after request, and a subsequent entry of satisfaction, even before suit is brought for

the penalty, does not release the defendant from liability. (*Deeter v. Crossley*, 26 Ia., 180; *Hall v. Hurd*, 40 Kan.,. 740.)

NORVAL, C. J.

This action was brought by Martin Kurkonski against the Clearwater Bank under section 15, chapter 32, of the Compiled Statutes, to recover $50, the fixed damages therein provided for the failure and refusal of a mortgagee to release and discharge a chattel mortgage of record after the debt has been paid. The trial resulted in a verdict and judgment against the bank for the amount above stated.

The first point argued in the brief is that said section 15, in so far as it imposes a fixed sum for failure to discharge a chattel mortgage, is unconstitutional. The section was originally section 74, chapter 43, of the Revised Statutes of 1866, entitled "Real Estate." It made provision how and when a mortgage upon chattels may be renewed. The section was amended in 1879 (Laws, 1879, p. 108) so as to read as follows:

"Sec. 74. Such clerk shall also enter in a book to be provided by him for that purpose the names of all the parties to such instruments, arranging the names of mortgagors alphabetically, and shall note thereon the time of filing such instrument or copy. Such mortgage when satisfied. may be discharged by an entry by the mortgagee or his agent on the margin of such index, which shall be attested by the clerk without fee, and the original instrument or copy so filed shall be returned to the mortgagor."

It was carried into the compilation of the statutes of 1881 as section 15, chapter 32, entitled "Frauds," and it was amended as such in 1885. Since then there have been. no changes, and as now existing it is as follows:

"Sec. 15. Such clerk shall also enter in a book to be provided by him for that purpose the names of all the parties to such instrument, arranging the names of such

Clearwater Bank v. Kurkonski.

mortgagors alphabetically, and shall note thereon the time of filing such instrument or copy. Such mortgage when satisfied shall be discharged by an entry by the mortgagee, his agent or assignee on the margin of such index, which shall be attested by the clerk without fee; *Provided, also,* That the county clerk may discharge a mortgage on the presentation or receipt of an order in writing, signed by the mortgagee thereof and attested by a justice of the peace or some officer with a seal. Any mortgagee, assignee, or their legal personal representatives, after full performance of the conditions of the mortgage, who, for the space of ten (10) days after being requested, shall refuse or neglect to discharge the same as provided in this section, shall be liable to the mortgagor, his heirs, or assigns in the sum of fifty ($50) dollars damages; and also for all actual damages sustained by the mortgagor, occasioned by such neglect or refusal, said damages to be recovered in the proper action."

It is urged that the legislature of 1885 injected into the statute the provision imposing the sum of $50 in the nature of liquidated damages for failure to discharge a chattel mortgage, which is a new subject of legislation, not covered by the original section or the first amendment thereof, but one which is entirely foreign to the title of the last amendatory act, hence the provision is unconstitutional and void. We are relieved from the necessity of passing upon the validity of the law at this time, *i. e.,* whether it was enacted in the mode prescribed by the constitution, since no such question was raised in the court below, either by the pleadings or upon the introduction of the testimony. (*Burlington & M. R. R. Co. v. Saunders County,* 16 Neb., 123; *Pill v. State,* 43 Neb., 27; *Vose v. Cockcroft,* 44 N. Y., 415; *Delaney v. Brett,* 51 N. Y., 78.) The bank having made no objection to the constitutionality of the statute in the trial court, it must be held to have waived it.

The next point made is that the measure of recovery is

the amount of loss incurred, and no actual damages having been proved, there can be no recovery in this case. If the petition had been framed under the clause of the statute allowing the mortgagor to collect the actual damages sustained, the plaintiff would be limited in his recovery to such sum as would fully compensate him for his injury or loss, and it could not be increased by awarding punitive or exemplary damages. But such is not the form of the action. The suit is brought alone to recover the sum fixed by the statute for the failure to discharge a mortgage, and it was not necessary to prove upon the trial the amount of pecuniary injury suffered. The fact that the act gives the money, when recovered, to the party injured, does not make the law conflict with the provisions of section 5, article 8, of the state constitution. (*Graham v. Kibble,* 9 Neb., 182.) It was admitted upon the trial that on the 6th day of August, 1889, the plaintiff below executed and delivered to the bank his promissory note for $27.25, due on the 6th day of the following November, and at the same time secured the payment thereof by giving a mortgage upon certain personal property owned by the mortgagor. The mortgage was duly filed in the office of the county clerk of Antelope county on the day following its execution, and by him indexed as required by law. The indebtedness secured by said mortgage was fully paid to the bank on November 1, 1889, and the mortgage was released of record on January 29, 1890, or one day prior to the commencement of this action. The plaintiff testified that at the time he paid the note he requested Mr. Smith, the cashier of the bank, to release the mortgage, and that the latter promised so to do, and that on the 8th of January, 1890, he again demanded of Mr. Smith that the mortgage be discharged of record. J. C. Smith testified that the agreement with the plaintiff was that he (the witness) was to release the mortgage the first time he went to Neligh, and that the plaintiff expressed himself satisfied with that ar-

rangement; that no other demand to have the mortgage dis-charged was ever made.    Mr. Smith is corroborated by the testimony of George Newer.    The only controversy upon the facts is as to whether a discharge of the mortgage was demanded of the officers of the bank, and the conflict in the testimony upon that point was properly left to the jury to decide, and they resolved it against the bank, which they were warranted in doing upon the plaintiff's testimony alone, if they believed it to be true.    Undoubtedly it was necessary for the plaintiff to prove a demand before an action could be maintained to recover the damages named in the statute. (*Hall v. Hurd*, 40 Kan., 740; *Deeter v. Crossley*, 26 Ia., 180.)    A careful consideration of the record convinces us that the evidence is sufficient to authorize a finding that satisfaction of the mortgage of record was unconditionally demanded more than ten days prior to the bringing of this suit, and that there is no error in the instructions upon that branch of the case.    Under the statute it was the duty of the bank to release the mortgage upon the payment of the debt thereby secured, whether a demand was made therefor or not, but, as stated above, the penalty did not attach until after demand and a failure to comply therewith within ten days.    True, satisfaction was entered in this case the day before the action was brought, but that will not defeat a recovery of the penalty which had already attached. (1 Jones, Mortgages, sec. 990; *Deeter v. Crossley, supra; Hall v. Hurd*, 40 Kan., 740.)    There is no reversible error in the record, and the judgment is

AFFIRMED.