DORA KOEPKE, APPELLEE, V. HANS DELFS, APPELLANT.

FILED APRIL 3, 1914. No. 17,673.

1. Appeal: BILL OF EXCEPTIONS: AFFIDAVITS. Affidavits used in support of a motion for a new trial must be attached to and made a part of the bill of exceptions in order to have them considered by the supreme court.

2. Bastardy: EVIDENCE: SUFFICIENCY. In a prosecution for bastardy, a preponderance of the evidence is sufficient to justify a conviction.

3. ———: ———: COMPETENCY: OFFER OF COMPROMISE. Evidence of an offer of a sum of money made by the defendant to a third person if he would marry the complainant, which was not com-

,municated to her, is not incompetent as being an offer of settle-
ment or compromise.

4. ———: ———: ADMISSIBILITY. Testimony that the complainant
had sexual intercourse with other men than the defendant, out-
side of the period of gestation, is inadmissible in evidence.

5. ———: ———: ———. "Evidence of the unchastity of com-
plainant in a bastardy proceeding, outside the period of gestation,
whether in the nature of proof of her improper conduct or of
her general reputation for chastity, is irrelevant to the issues
presented for trial." *Davison v. Cruse*, 47 Neb. 829.

APPEAL from the district court for Wayne county: AN-
SON A. WELCH, JUDGE. *Affirmed.*

*H. E. Siman*, for appellant.

*Berry & Berry*, contra.

BARNES, J.

Dora Koepke, an unmarried woman about 20 years
of age, and a resident of Wayne county, filed a complaint
with the county judge of that county charging Hans Delfs
with being the father of her illegitimate child. The de-
fendant was recognized to appear and answer to the charge
in the district court for Wayne county. At the November,
1911, term of said court the cause was tried, and the jury
returned a verdict of guilty as charged in the complaint.
Defendant's motion for a new trial was overruled, and the
court rendered a judgment on the verdict requiring him to
pay plaintiff $600 in instalments for the support of the
child. Defendant thereupon brought the case to this court
by a petition in error. The proceeding will be treated as
an appeal, and the errors of which the defendant complains
will be thus reviewed.

Defendant's first contention is that the plaintiff's father
and one of the jurymen were guilty of such misconduct as
to entitle him to a new trial. The misconduct complained
of was set forth in certain of the affidavits. The affidavits,
however, were not incorporated in, and were not made a
part of, the bill of exceptions, and we have often decided
that in such cases the affidavit cannot be considered.

Therefore this assignment of error must fail. *Gray v. God-frey*, 43 Neb. 672; *Newtson v. Walker*, 1 Neb. (Unof.) 118.

It is next contended that the evidence was insufficient to sustain the verdict. The plaintiff testified to a state of facts which, if believed by the jury, were amply sufficient to sustain the verdict. Her testimony was consistent with the fact that her child was born on the 11th day of February, 1911, or 284 days after the last act of sexual intercourse took place between plaintiff and the defendant, as testified to by her. William Delfs, a cousin of the defendant, testified that shortly before the plaintiff's child was born he had a conversation with the defendant, in which the defendant offered to give him $150 if he would marry the plaintiff; and this offer was made in a conversation in which the defendant told the witness of the plaintiff's condition. Plaintiff testified that she told defendant of her condition in June, 1910, when they were on their way home from church, and defendant wanted her to lay her trouble to some one else, and said he would give her $100 to do so. In October, 1910, on an occasion when she was helping the defendant's mother, plaintiff talked with him again about her condition, and defendant told her to go to Omaha and get a doctor, and he would pay her expenses. He said that she was not to let any one know about it, but should keep it to herself. Plaintiff testified positively to having five acts of intercourse with defendant between April 21, 1910, and the 4th day of May following, and that she had never had sexual intercourse with any other man. It is true that on the trial defendant denied that he ever had sexual intercourse with the plaintiff at any time; but, in view of all the testimony, it cannot be said that the verdict was not sustained by the evidence.

It appears that defendant produced one Louie Rasmussen as a witness, and attempted to show by him that at some time during the month of June, 1910, he had intercourse with the plaintiff at defendant's home. The plaintiff objected to this testimony because the witness did not offer to testify that the intercourse took place within the period of gestation. The objection was sustained, the tes-

timony was excluded, and this ruling is assigned as error. The court will take judicial notice of the fact that the period of gestation ordinarily is about 280 days. By the testimony offered, the defendant attempted to show an act of intercourse which took place 252 days, or thereabouts, before the plaintiff's child was born. This testimony was properly excluded. There was no evidence showing, or tending to show, that the child was prematurely born, and, in order to make this testimony at all competent, that fact must have been shown. In *Olson v. Peterson,* 33 Neb. 358, and *Sang v. Beers,* 20 Neb. 365, it was held that testimony that the complainant had sexual intercourse with men, other than the defendant, outside of the period of gestation is inadmissible in evidence.

It is contended by counsel for the defendant that the testimony was admissible for the purpose of impeaching the plaintiff and to discredit her testimony. In support of his contention, he cites 2 Ency. of Evi. 248. In the notes to the text it is there said, in substance, that such testimony is not admissible unless it has a bearing upon the question of the paternity of the child. It is also said: "It is competent for the defendant to introduce evidence to show that the complainant had sexual intercourse with other men about the time she became pregnant; but such evidence must be limited to a period of time within which, in the course of nature, the child could have been begotten."

The defendant's mother was called as a witness, and counsel inquired of her whether at one time, in the month of June, 1910, the plaintiff had sat up part of a night with one Louie Rasmussen at her house. This testimony was supposed to show that plaintiff might have had intercourse with Rasmussen; but it will be observed that the time fixed by the witness was outside of the period of probable conception. Therefore error cannot be predicated on the refusal of the district court to permit the witness to answer the question.

Defendant further attempted to show by the testimony of his mother that plaintiff's general reputation for chas-

tity was bad. No attempt was made to bring the evidence of such reputation or character within the time of the period of gestation. In *Davison v. Cruse,* 47 Neb. 829, it was held: "Evidence of the unchastity of complainant in a bastardy proceeding, outside the period of gestation, whether in the nature of proof of her improper conduct or of her general reputation for chastity, is irrelevant to the issues presented for trial."

Defendant assigns error for the refusal of the court to allow his mother to testify to the fact that she had discharged the plaintiff on May 4, 1910, because of her improper conduct. This testimony was properly excluded, because it had no bearing whatever upon the question of the parentage of plaintiff's child.

Defendant also alleges that the court erred in receiving the testimony of William Delfs to the effect that the defendant offered to give him $150 to marry the plaintiff. The grounds of this assignment are that it was an offer of compromise, and an offer of that kind cannot be received in evidence. As we view the testimony it was not an offer to compromise. No offer was made by the defendant to the plaintiff, or to any one representing her. The defendant's offer was to pay a third person a sum of money to marry the plaintiff. The conversation seems to have been brought about as a result of the defendant's desire to save himself from being charged with being the father of the plaintiff's child. We think this testimony is not within the rule relating to an offer to compromise.

There are other assignments of error for the refusal of the court to permit other witnesses to testify that they had intercourse with the plaintiff at a time entirely outside of the period of gestation. This testimony was properly excluded, as it had no bearing upon the issue as to whether the defendant was the father of the plaintiff's child.

In conclusion, it may be said that the undisputed testimony shows that the defendant was much in plaintiff's company at about the time the acts of intercourse took place; that he accompanied her to dances, parties, and church; that she was a domestic in his mother's home,

where he had every opportunity to win her affections and accomplish her ruin. Their last act of intercourse took place on May 3, 1910, at the defendant's home, and the child was born on February 11, 1911, which was 284 days after that date. Plaintiff's testimony is reasonable and convincing. She was subjected to a severe cross-examination, which availed nothing for the defendant. It is true Charles Bargstadt testified that he had intercourse with the plaintiff on or about the 1st of May, 1910, but Bargstadt appears to have been a boy only 16 years of age, a personal friend of the defendant; and that defendant went to Pierce county and brought him to Wayne to testify in his behalf. It is apparent that the jury disbelieved his evidence.

Finally, it is contended that the judgment of the district court is void and of no effect, because it recites that the defendant is the reputed father of the plaintiff's child. This expression seems to have been used in other cases of a like nature, and this contention is without merit.

It appears that the defendant had a fair trial; and, no substantial reason having been shown for granting him a new trial, the judgment of the district court is in all things

AFFIRMED.

LETTON, FAWCETT and HAMER, JJ., not sitting.