D. E. STAUFFER, APPELLANT, v. LEON WILSON, APPELLEE.

153 N. W. 2d 454

Filed October 13, 1967. No. 36529.

Andrew J. McMullen, for appellant.

Dier & Ross, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SPENCER, J.

This is a paternity action brought by the plaintiff against the defendant to establish the defendant as the father of a child born out of wedlock to plaintiff's daughter, Patricia Stauffer, who was 17 years of age at the time of trial. The defendant at the time of trial was a high school senior 17 years of age.

A jury was waived and the case was tried to the district court on October 7, 1966. Patricia testified that the defendant had sexual relations with her on three different occasions in 1965, the first time being May 8 and the last being May 15. She denied relations with anyone else during 1965. Defendant admitted having such relations on three different occasions but fixes the date of his first access as June 10, 1965, or more than 1 week after the close of school. Patricia in an earlier deposition had fixed the first occasion as June 2, or the day before the closing of school. She also testified that she did not consult her doctor until August, and that he fixed her due date as March 25, 1966. The doctor's testimony fixes her first visit as August 31, 1965.

The baby weighed 7 pounds 9½ ounces at birth. Patricia's doctor testified that the baby was born on February 13, 1966; was a full-term baby; and that the normal or standard period of gestation is 9 calendar months, or 10 lunar months, or 280 days. In Koepke v. Delfs, 95 Neb. 619, 146 N. W. 962, we said: "The court will take judicial notice of the fact that the period of gestation ordinarily is about 280 days." If the date of May 8 is accepted, the period of gestation would have

been 280 days. If the date of June 10 is accepted, the period of gestation would have been 248 days. Patricia's doctor further testified that if Patricia's testimony as to her last menstrual period was correct, it would have been impossible for her to have become pregnant during the period from May 8 to May 15, 1965.

Plaintiff and her daughter first communicated with the defendant and his family about the situation on November 10, 1965. Defendant and his parents testified to conversations at that time which would raise considerable question herein. These conversations are denied by the plaintiff and her daughter. Blood tests were taken but were inconclusive. The trial court found for the defendant and the plainitff has perfected this appeal.

Plaintiff sets out three assignments of error, but the motion for a new trial filed by the plaintiff alleged only two assignments: (1) That the judgment is contrary to the evidence; and (2) that the judgment is contrary to the law.

The law is well established in this jurisdiction that alleged errors of the trial court in an action at law which are not referred to in a motion for new trial will not be considered in this court. Schwank v. County of Platte, 152 Neb. 273, 40 N. W. 2d 863. We consider then only those assignments which are within the ambit of plaintiff's motion for new trial.

Is the judgment contrary to the evidence or to the law? No purpose will be served herein by further detailing the evidence. Suffice it to say that it is sufficient to sustain a judgment for the defendant. This was a law action tried to the court without a jury. The credibility of witnesses is a matter for the trial court. It is not within the province of this court in a law action to resolve conflicts in or to weigh evidence. If there is a conflict in the evidence this court will review the judgment rendered, will presume that controverted facts were decided by the trial court in favor of the successful party, and the findings will not be disturbed unless clearly wrong.

Dunbier v. Stanton, 170 Neb. 541, 103 N. W. 2d 797. The findings of a court in a law action in which a jury is waived have the effect of a verdict of a jury and will not be disturbed on appeal unless clearly wrong. State Farm Mutual Automobile Ins. Co. v. Kersey, 171 Neb. 212, 106 N .W. 2d 31.

We cannot say that the action of the trial court herein was clearly wrong. The judgment is affirmed.

AFFIRMED.