MARVIN HASEMANN, EXECUTOR, ESTATE OF FRED H.
HASEMANN, DECEASED, APPELLANT, V. FRED JR.
HASEMANN, APPELLEE.
203 N. W. 2d 100
Filed December 20, 1972.   No. 38494.

Homer E. Hurt, Jr., for appellant.

Moodie & Moodie, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SMITH, J.

Plaintiff as executor sought to recover money that the deceased had lent defendant. After conclusion of all the evidence in a trial without a jury the court dismissed the claim. On appeal the questions are related to the weight of the evidence and the dead man's statute.

Marvin, defendant, and Verlin survived their father, who died August 2, 1969. After appointment of plaintiff as executor of the estate on September 8, the three brothers opened the safe deposit box of the deceased. They were alone.

Plaintiff's testimony on his case-in-chief is as follows: The box contained a promissory note that defendant had made on March 1, 1960, to his father for $7,873 payable March 1, 1965, with interest at 4 per cent a year. Defendant admitted liability on the note, having earlier admitted the indebtedness. The note was not produced, for its whereabouts was unknown to plaintiff. At the bank Verlin and defendant each

had agreed to pay plaintiff $500 on his indebtedness to defray expenses of administration.

On plaintiff's offer a letter from defendant's counsel to plaintiff's counsel was received in evidence. Referring to the controversy, it read: "This disagreement involves the extent to which . . . (Verlin and defendant) may have been indebted to their father . . . at his death. . . . there is reason to believe that the brothers may not be liable for the indebtedness. . . . the correct figures are . . . : (defendant) 7873.00."

Defendant during his case-in-chief testified as follows: "I bought a farm from my father in 1951 . . . and I wanted to pay him and he didn't believe in leaving money in the bank and he said that if he wanted it he would ask for it and otherwise to keep the rest of it." He had therefore paid all but $7,800 of the price and expenses of $73. He and his father then and there had agreed on an interest rate of 4 per cent a year. The agreement was reaffirmed from time to time over the years. Defendant paid none of the principal, but in 1966, 1967, and 1968 he paid his father $317.60, $315, and $315 respectively. He made no promissory note in connection with the transaction, and the safe deposit box contained none.

According to Verlin, he looked in the safe deposit box, but he saw no promissory note made by defendant. Both men testified that the three of them agreed to advance $500 for administration expenses. Plaintiff alone made no advance and he conceded that $1,000 was insufficient.

We summarily reject three of plaintiff's arguments. First, the implied finding that defendant did not execute the promissory note in question is not clearly wrong. Stauffer v. Wilson, 182 Neb. 129, 153 N. W. 2d 454 (1967). Second, it is unnecessary for us to consider admissibility of conversations with the deceased after the sale of the land. Western Smelting & Refining Co. v. First Nat. Bank, 150 Neb. 477, 35 N. W. 2d 116 (1948).

Third, a legal representative waives the protection of the dead man's statute by introducing a witness who testifies to the conversation or transaction. See § 25-1202, R. S. Supp., 1972. Waiver respecting defendant's testimony to the terms of the sale is clear.

The remaining question is whether the death of the father discharged the duty of defendant to pay principal or interest under the contract. A simple promise to pay money is not made impossible of performance by the death or illness of either the debtor or the creditor. Parties can, by express terms, make their mutual duties terminate upon the death of one of them, even though the promised performances are not personal. See, 6 Corbin on Contracts, § 1334, p. 377; Restatement, Contracts, § 460, p. 859 (1932). Defendant and his father contemplated that the latter's death would terminate the duty of defendant to pay any principal or interest he owed the father.

The judgment is affirmed.

AFFIRMED.