C. R. BUTTNER ET AL., DOING BUSINESS AS ACTION, INC., APPELLANTS, v. OMAHA PUBLIC POWER DISTRICT, A POLITICAL SUBDIVISION, APPELLEE.
227 N. W. 2d 862

Filed April 17, 1975.  No. 39534.

William M. Lamson, Jr., and Charles M. Caldwell of Kennedy, Holland, DeLacy & Svoboda, for appellants.

Stephen G. Olson of Fraser, Stryker, Veach, Vaughn & Meusey, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

NEWTON, J.

This is an action brought under the Nebraska Political Subdivisions Tort Claims Act to recover for fire damage to an apartment building. During a storm an electric conductor or line broke and was blown on to plaintiffs' apartment house. A fire ensued which plaintiffs attribute to the downed conductor. Plaintiffs allege negligence in that defendant failed to install a fuse on the tap leading from the main line to the apartment building and in incorrectly setting relays on the circuit breakers in the substation. On trial to the court, judgment was entered for the defendant. We affirm the judgment of the District Court.

It is clear that the fire was started by the electrical conductor. The evidence is conflicting as to whether or not negligence on the part of defendant caused the fire and ensuing damage. The evidence is sufficient to support a finding by the court that the facts are as hereinafter set forth. A three-phase tap or branch line served the apartment and the Richman Gordman mercantile establishment. Two services supplied the apartment complex, one a three phase and the other a single phase or line. One of the three-phase lines broke during a storm as the result of the storm and of ice formation. The wind blew the broken line on to the apartment roof. For a time the end of the line blew in the wind occasionally contacting the side of the building near the ground. It broke a second time a considerable period

before the fire occurred but the remaining portion remained on the roof and the fire eventually resulted. The roof was of asphalt or asbestos and wet. It was not grounded. Under such conditions the current flowing from the line due to the fault would be impossible to measure or assess and was probably minimal in character. It was not sufficient to trip the circuit-breaker relays in the nearby substation. A small amount of fault current, under 50 amperes, could start the fire and did exist. This would have been too small to trip the relays and deenergize the line even though set as low as plaintiffs assert they should have been. It would also be too small to have burnt out a 100-ampere fuse which plaintiffs contend should have been installed on the tap from the main line. Such a fuse requires 200 amperes to blow it and cut off the power. The failure of plaintiffs to establish by a preponderance of the evidence the amount of current flowing from the downed conductor was fatal to their contentions. They failed to prove to the satisfaction of the trial court that a proximate cause of the fire was the absence of the fuse or the setting of the relays as the court may well have found from the evidence that the fire would have resulted even had the precautions plaintiffs advocate been taken. Furthermore, the court could reasonably have found that the setting of the relays and the failure to fuse the tap were not in violation of industry standards and did not constitute negligence.

Section 23-2406, R. R. S. 1943, requires that actions of this nature shall be heard without a jury but otherwise determined in the same manner as other suits. The action is similar to a law action in which a jury has been waived and is governed by the same rules.

"It is not within the province of this court in a law action to resolve conflicts in or to weigh evidence. If there is a conflict in the evidence, this court will review the judgment rendered, will presume the controverted facts were decided by the trial court in favor of the

successful party, and the findings will not be disturbed unless clearly wrong. * * *

"The findings of the court in a law action in which a jury is waived have the effect of a verdict of the jury and will not be disturbed on appeal unless clearly wrong." Stauffer v. Wilson, 182 Neb. 129, 153 N. W. 2d 454. See, also, McBride v. Fort Kearney Hotel, Inc., 185 Neb. 518, 176 N. W. 2d 911.

As we have heretofore held: "On an appeal to this court of an action under the State Tort Claims Act the findings of the trial court will not be disturbed unless clearly wrong." Cortes v. State, 191 Neb. 795, 218 N. W. 2d 214. See, also, Craig v. Gage County, 190 Neb. 320, 208 N. W. 2d 82.

In view of the contradictory and inconclusive nature of the evidence, we are unable to find error on the part of the trial court and the judgment is affirmed.

AFFIRMED.

CLINTON, J., concurring in result.

I concur in the result because on the record there existed a disputed question of fact as to whether industry standards would require the setting of the relays and fusing of the tap in such a manner as to have prevented the arcing which may have caused the fire. The trial court would therefore have been justified in finding, as the majority opinion notes, that such failure was not negligence.