JOSEPHINE GLASS, APPELLANT, v. WILLIE HARPER, APPELLEE.

240 N. W. 2d 48

Filed April 1, 1976. No. 40317.

Edna R. Atkins, for appellant.

John F. Akin of Pierson, Pierson & Fitchett, for appellee.

Heard before WHITE, C. J., NEWTON, CLINTON, and BRODKEY, JJ., and KUNS, Retired District Judge.

KUNS, Retired District Judge.

The appellant herein instituted a paternity action in the District Court for Douglas County, Nebraska, alleging that the appellee was the father of a child born to her out of wedlock. The appellee answered denying generally the allegations of the petition and thereafter waived trial by jury. After trial to the court, a finding was made that the evidence was insufficient to support the appellant's allegations and the court entered judgment for the appellee. This appeal followed. We affirm the judgment of the trial court.

The appellant assigns three errors, two as to evidentiary rulings and finally that the judgment is contrary to the evidence. They will be considered in turn.

During the course of the presentation of appellant's case, one photograph showing the appellee and another showing the 2½-year-old child of the appellant were offered and reoffered in evidence upon a foundation that each photograph accurately represented the person shown therein. There was no evidence, either expert or nonexpert, that the photographs displayed any features or traits which might aid the court in determining the ultimate issue of parentage. The appellant assigns error in the ruling of the trial court sustaining an objection to the offer of the exhibits. Even though the photographs are accurate representations, they are not admissible unless the matters shown are relevant to the issues of the case. The ruling of the trial court was correct.

On cross-examination, the appellant stated that she had sexual relations with another person before the time when conception could have occurred and that her employment under the supervision of such person continued until after the probable time of conception. The appellee inquired about the nature and extent of the appellant's relation with such other person; objections to the questions were overruled and the rulings are assigned as error. The appellant's replies were virtual restatements of her prior testimony. No other evidence on this subject was introduced by either party. The answers made by the appellant were as favorable as possible to her side of the case and she was not prejudiced by the ruling upon her objections. No error is shown. Griess v. Borchers, 161 Neb. 217, 72 N. W. 2d 820.

Finally, the appellant contends that the finding and judgment by the trial court was contrary to the evidence. A careful examination of the record shows that the evidence concerning the time and place of conception and the corroboration of the appellant was in such conflict that the determination of the issues depended entirely upon the credibility of the witnesses. The judgment of the trial court has the effect of the verdict of a jury and should not be set aside on appeal unless clearly wrong. Henkle & Joyce Hardware Co. v. Maco, Inc., *ante* p. 565, 239 N. W. 2d 772. The trial court heard the witnesses, observed their demeanor and manner of testifying, and determined their credibility. We find nothing in the record to show clear error in the finding.

The judgment of the trial court is affirmed.

AFFIRMED.