JODEEN MILES, THROUGH AND BY HER FATHER AND NEXT FRIEND, HARVEY MILES, APPELLANT, V. SCHOOL DISTRICT NO. 138 OF CHEYENNE COUNTY, NEBRASKA, APPELLEE.

281 N. W. 2d 396

Filed July 17, 1979. No. 42263.

Marc J. Weinpel of Peetz, Peetz & Weinpel, for appellant.

Wright & Simmons and John A. Selzer, for appellee.

Heard before KRIVOSHA, C. J., CLINTON, WHITE, and HASTINGS, JJ., and MURPHY, District Judge.

MURPHY, District Judge.

This is an action brought under the Political Subdivisions Tort Claims Act for injuries sustained by a 17-year-old student alleging negligence on the part of School District No. 138 in the conduct of its shop-training class where plaintiff's injuries occurred. The case was tried to the court, and the District Judge entered judgment in favor of the defendant, from which judgment the plaintiff appeals.

On October 29, 1974, the date of her injury, Jodeen Miles was a 17-year-old senior student at Gurley High School, Gurley, Nebraska (School District No. 138 of Cheyenne County, Nebraska). Miss Miles had enrolled in a shop-training class in her junior and senior years, Shop I and Shop II. Her senior project was the construction of a large wooden candlestick holder which was to be cylindrical in shape and carved from a large block of wood. The first step in making the candlestick holder required her to use a jointer machine in order to plane off the corners of the rectangular block of wood in preparation for further carving on the lathe.

A jointer machine is a general woodworking tool used for planing and squaring. The machine consists of an infeed table on the right of the machine and an outfeed table on the left. Along the back of the machine, running the length of both tables, is an adjustable piece of metal called a fence. Bevel cuts can be made by adjusting the fence to an appropriate angle. Miss Miles was making a bevel cut at the time of the accident. The cutting blades rotate on a cylinder located between the infeed and outfeed tables. The blades are covered by a spring-loaded metal guard which moves away from the blades as a

board is pushed up to it along the infeed table. At the time of the accident, the board was still on the infeed table and had not yet passed through the blades. However, Miss Miles had pushed the board from right to left to a position where it had pushed the guard away from the rotating blades, thus exposing them. It was then that she decided to quit for the day. While the machine was still operating, she attempted to remove the piece of wood from the infeed table by placing her left hand on the left end of the board and her right hand on the right end. At this time the left end of the piece of wood was in contact with the spring-loaded metal guard and adjacent to the exposed rotating blades. Her left hand came into contact with the blades, severing two fingers.

In Miss Miles' junior year in the Shop I course, Ronald Shearer, the shop-training instructor in both the Shop I and Shop II courses, demonstrated the safe use of all power tools including the jointer machine. Students were required to do workbook exercises which covered the proper use of the jointer. Miss Miles' performance in the workbook exercises was satisfactory. A safety test was administered in the Shop I class, although the record is silent as to whether Miss Miles passed this test. In her junior year, Miss Miles worked with the jointer machine in constructing a curio cabinet. At her request, Mr. Shearer occasionally assisted her with jointer operations, and she used the jointer safely and correctly at all times and had no problem using the machine.

In her senior year, Miss Miles enrolled in the Shop II class again taught by Mr. Shearer. At the first of the year each student was issued a safety booklet, which Miss Miles read. Although the school district had no rules or guidelines on the conduct of the shop class, Mr. Shearer had a personal rule that the students could not use the power tools until they had

passed a safety examination. When the safety test was given, Miss Miles received a grade of 68 percent. A passing grade was 70 percent. There is nothing in the record as to whether or not the questions which Miss Miles failed to answer pertained to the operation of the jointer. Miss Miles and other students who failed the test were required to refer to the textbook and write the correct answers to the questions they had missed. Following this procedure, Miss Miles answered all questions correctly. This was done before Miss Miles was allowed to use any of the power tools.

On October 28, 1974, the day before the accident, Miss Miles commenced use of the jointer in planing the corners from the block of wood in order to make it cylindrical for the lathe. At Miss Miles' request, Mr. Shearer tilted the fence at an angle so that the corners of the rectangular piece of wood could pass over the blade in a planing action. Mr. Shearer then ran the piece of wood through the machine a few times as Miss Miles watched. Mr. Shearer then observed his student repeat the operation. Miss Miles operated the jointer machine safely and properly on this date, as she had on several occasions the previous year.

Again, on October 29, 1974, Mr. Shearer adjusted the fence at the proper angle and watched Miss Miles run the wood through at least once. She continued to work at least 5 or 10 minutes without mishap and ran the board through the machine 5 or 10 times during that period. It was at this time that she injured her left hand in attempting to remove the wood from the infeed table as previously described. Although Mr. Shearer was in the shop at the time, standing 6 to 8 feet away from his student, he was not directly supervising her at the time the injury was received.

The trial court found that the proximate cause of the plaintiff's injuries was the failure of the plaintiff

to use the ordinary care which an ordinary, prudent child, of the same capacity to appreciate and avoid danger as the plaintiff, would have used under like circumstances. The court further found that the defendant's negligence, if any, was not the proximate cause of the accident; that, in any event, plaintiff's negligence was more than slight and defendant's, if any, less than gross by comparison. Pursuant to the above findings, the court dismissed plaintiff's petition.

We affirm the judgment of the District Court. The findings of the District Court in an action under the Political Subdivisions Tort Claims Act will not be disturbed on appeal unless they are clearly wrong. Brahatcek v. Millard School District, 202 Neb. 86, 273 N. W. 2d 680 (1979); Daniels v. Andersen, 195 Neb. 95, 237 N. W. 2d 397 (1975); Buttner v. Omaha P. P. Dist., 193 Neb. 515, 227 N. W. 2d 862 (1975).

The plaintiff contends the trial court erred in not finding that Mr. Shearer's failure to conduct a second closed-book examination was negligence and the proximate cause of plaintiff's injury. Negligence must be measured against the particular set of facts and circumstances which are present in each case. Krehnke v. Farmers Union Co-op. Assn., 199 Neb. 632, 260 N. W. 2d 601 (1977). By reason of instruction, demonstration, and experience for over 1 year in the safe and proper operation of the jointer machine, Miss Miles was thoroughly familiar with its operation and the hazards attendant thereto. Mr. Shearer's requirement that students who failed the safety examination write the correct answers to the questions and submit them for his approval was reasonable under the facts and circumstances in the present case. In determining the sufficiency of evidence to sustain a judgment, it must be considered in the light most favorable to the successful party. Every controverted fact must be resolved in his favor, and he is entitled to the benefit of every in-

ference that can reasonably be deduced from the evidence. Daniels v. Andersen, *supra*. A review of that evidence leads to the certain conclusion that the plaintiff's negligence in placing her left hand in the rotating blades was the sole proximate cause of the injuries she sustained in this unfortunate accident.

The defendant contends the plaintiff did not comply with the provisions of the Political Subdivisions Tort Claims Act in the filing of her claim, and that there was no final disposition of her claim within the meaning of that act. Having affirmed the judgment of the District Court on the merits, we need not and do not address that issue.

AFFIRMED.