RICHARD STUDLEY, APPELLANT, V.
SCHOOL DISTRICT NO. 38 OF HALL COUNTY, NEBRASKA,
AND SCHOOL DISTRICT NO. 82 OF HALL COUNTY,
NEBRASKA, POLITICAL SUBDIVISIONS OF THE
STATE OF NEBRASKA, APPELLEES.

316 N.W.2d 603

Filed February 26, 1982. No. 43807.

Ralph A. Bradley for appellant.

John R. Brownell of Lauritsen, Baker & Brownell for appellee School Dist. No. 38.

Luebs, Dowding, Beltzer, Leininger & Smith for appellee School Dist. No. 82.

Heard before KRIVOSHA, C.J., WHITE, and HASTINGS, JJ., and BROWER and EMPSON, District Judges.

BROWER, District Judge.

This is an action for damages brought under the Political Subdivisions Tort Claims Act, Neb. Rev. Stat. §§ 23-2401 et seq. (Reissue 1977).

On March 12, 1978, while refereeing a basketball game in the School District No. 82 Hall County gymnasium, the plaintiff, Richard Studley, sustained personal injury. School District No. 38, Hall County, had arranged the contest and requested the plaintiff to officiate the game. The plaintiff alleges that he slipped and fell in an area within the gym where moisture had

accumulated on the floor surface from a leak in the ceiling and that the condition of the gym floor surface was the proximate cause of his injury. He further alleges the defendants had knowledge of the wet condition of the floor but failed to notify or apprise the plaintiff of such fact. The defendants denied plaintiff's claim and alleged that the plaintiff was guilty of contributory negligence and had assumed the risk, all of which was denied by the plaintiff.

The record reflects that at the conclusion of the plaintiff's case and at the close of all the testimony, defendants moved the court to dismiss the plaintiff's amended petition. Both motions were overruled by the trial court and judgment was subsequently entered. From the order overruling the motion for new trial, plaintiff brings this appeal. We affirm.

The appellant's contention is that the court erred in dismissing his amended petition and in finding that the appellant had failed to meet his burden of proof as to the issue of liability, and further erred in finding that neither of the appellees was negligent in any manner which would be the proximate cause of the injury and accident sustained by the appellant.

Actions brought under the Political Subdivisions Tort Claims Act are by statute tried to the court. § 23-2406. The findings of the District Court under the Political Subdivisions Tort Claims Act will not be disturbed on appeal unless clearly wrong. *Craig v. Gage County,* 190 Neb. 320, 208 N.W.2d 82 (1973); *Daniels v. Andersen,* 195 Neb. 95, 237 N.W.2d 397 (1975).

In determining the sufficiency of the evidence to sustain a judgment, it must be considered in the light most favorable to the successful party. Every controverted fact must be resolved in his favor and he is entitled to the benefit of every inference that can reasonably be deduced from the evidence. *Daniels v. Andersen, supra; Rieschick Drilling Co. v. American Cas. Co.,* 208 Neb. 142, 303 N.W.2d 264 (1981).

It is apparent from the record in this case that the

appellant has confused the final decision of the trial court with an order ruling on a motion to dismiss. Once the motion to dismiss was overruled and the court took said matter under advisement, its final decision was equivalent to a jury verdict.

The rulings of the court on motions for directed verdict or motions to dismiss at the end of the evidence should not be confused with the decision of the court after the review of the evidence. In the former, the court directs or dismisses as a matter of law. In the latter, the findings are equivalent to a verdict of the jury and, unless clearly wrong, will not be overturned by the appellate court.

A review of the evidence raises factual questions and, when considered.in the light most favorable to the appellees, would support the decision of the trial court, and the decision of the trial court is not clearly wrong.

The judgment of the District Court is affirmed.

AFFIRMED.