CLAYTON D. NOLL, BY DARRELL E. NOLL, HIS
ATTORNEY IN FACT AND NEXT FRIEND, APPELLANT, V.
VALLEY COUNTY HOSPITAL ET AL., APPELLEES.

321 N.W.2d 66

Filed June 25, 1982. No. 44211.

Van Steenburg, Brower, Chaloupka, Mullin & Holyoke, and J. Marvin Weems, P.C., for appellant.

Gregory G. Jensen, for appellee County of Valley.

John A. Wagoner, for appellee Valley County Hospital.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

WHITE, J.

This is an action for damages brought under the Nebraska Political Subdivisions Tort Claims Act on behalf of the plaintiff, Clayton D. Noll, by his attorney in fact and son, Darrell E. Noll, to recover for personal injuries the former sustained when he fell in the Valley County Hospital and nursing home parking lot. The case was tried to the court without a jury as required by Neb. Rev. Stat. § 23-2406 (Reissue 1977). Both defendants moved to dismiss the petition after the close of the plaintiff's evidence. Valley County Hospital's motion was denied and County of Valley's motion was granted. After trial, the District Court found that (1) there was only a possibility that the plaintiff tripped in a hole in the parking lot, (2) the preponderance of the evidence

does not prove that the present condition of Clayton D. Noll was caused by the fall, and (3) there was contributory negligence on behalf of the plaintiff to bar recovery. The court found for the defendant Valley County Hospital. We affirm.

An action under the Political Subdivisions Tort Claims Act is similar to a law action in which a jury has been waived and is governed by the same rules. *Buttner v. Omaha P. P. Dist.*, 193 Neb. 515, 227 N.W.2d 862 (1975).

" 'It is not within the province of this court in a law action to resolve conflicts in or to weigh evidence. If there is a conflict in the evidence, this court will review the judgment rendered, will presume the controverted facts were decided by the trial court in favor of the successful party, and the findings will not be disturbed [on appeal] unless clearly wrong.
* * *

" 'The findings of the court in a law action in which a jury is waived have the effect of a verdict of the jury and will not be disturbed on appeal unless clearly wrong.' " *Buttner v. Omaha P. P. Dist., supra* at 517-18, 227 N.W.2d at 864; *Stauffer v. Wilson,* 182 Neb. 129, 153 N.W.2d 454 (1967).

In determining whether the evidence supports the findings of the trial court, the evidence must be considered in the light most favorable to the successful party, all conflicts must be resolved in his favor, and he is entitled to the benefit of every inference that can reasonably be deduced from the evidence. *Crawford v. Ham,* 209 Neb. 802, 311 N.W.2d 896 (1981); *Aurora Cooperative Elevator Co. v. Larson,* 204 Neb. 755, 285 N.W.2d 498 (1979); *Gehrke v. General Theatre Corp.,* 207 Neb. 301, 298 N.W.2d 773 (1980).

The facts viewed most favorably to the successful party are as follows: In February 1974 the plaintiff, Clayton D. Noll, was diagnosed as having Parkinson's disease. He suffered from the normal symp-

toms of this disease, which include a shuffling gait, a stooped posture, trembling hands, and retropulsion, which is falling backwards. After his wife died in 1976 it was decided that Clayton Noll should enter the Valley County nursing home as he could not take care of himself. He entered the nursing home in December 1976. Between December 2, 1976, and April 30, 1978, Clayton was allowed to walk unassisted around the nursing home and outside the nursing home. During this period he experienced nine reported falls. Five of those falls occurred within the last 2 months prior to April 30, 1978. On April 30, 1978, Clayton fell in the Valley County nursing home parking lot and broke his right hip. At the time of the fall, he was 85 years old and was still suffering from Parkinson's disease and arteriosclerosis. Since the fall Clayton has undergone a hip replacement and is classified as a total invalid, unable to walk unassisted as he did before and unable to feed or clothe himself.

This action was brought by Clayton's son, Darrell Noll, to recover for the personal injuries Clayton sustained when he fell. The petition alleges that Clayton tripped in a hole in the Valley County nursing home parking lot. He also alleges that the Valley County nursing home was negligent in failing to properly maintain its parking lot.

The trial court found that there is only a possibility that the plaintiff had tripped in the hole. We find sufficient evidence in the record to support the trial court's finding that the plaintiff had failed to prove that he had tripped in the hole and that his injuries were proximately caused by tripping in the hole. There was testimony by several witnesses as to Clayton's walking ability prior to the fall. One witness said that she held her breath every time Clayton walked. There was medical evidence with regard to Clayton's condition and ability to walk, as well as the symptoms of Parkinson's disease with

which he was afflicted. Those witnesses that came to his aid after he fell said that they found him in a sitting position with his foot resting in the hole. None of the witnesses knew for sure whether his foot had come to rest in the hole prior to the fall or after the fall. The trial court's finding was amply supported by the evidence and was not clearly wrong.

In view of our finding, it is unnecessary to discuss the plaintiff's other assignments of error as they will not affect the outcome of this appeal.

AFFIRMED.