STATE OF NEBRASKA EX REL. S.B., APPELLEE, V. JOHN DYBDALL, APPELLANT.
411 N.W.2d 649

Filed September 11, 1987.   No. 87-240.

Randall T. Smith, for appellant.

Patrick M. Heng, Deputy Lancaster County Attorney, for appellee.

BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

HASTINGS, J.

The defendant appeals the judgment of the district court for Lancaster County, which found him to be the father of D.A.B. and which ordered him to pay $75 per month in child support.

The sole assignment of error is that the trial court erred in concluding that the defendant is the father of the child. We affirm.

A jury was waived and the case was tried to the district court. The mother of the child, S.B., testified that she began dating the defendant in August of 1983 and continued to do so through March 1984. She further testified that during this time period she had sexual intercourse with the defendant and with no other males. The child was born on August 31, 1984, a full-term baby. K.B., the mother's father, testified that the defendant and his daughter were dating from August 1983 through March 1984 and that during that time she was not dating anyone else. Further corroboration of the defendant's paternity was provided by the blood testing results, which show that the odds are 48 to 1 in favor of the defendant's being the biological father of the child, which translates into a probability of paternity of 97.9 percent.

The defendant, on the other hand, testified that he did not date or have sexual intercourse with the mother until February of 1984. He also stated that he could not have dated her until then because he had both knees operated on between August and December of 1983 and had to wear full leg casts which required him to use crutches or a wheelchair. Although he stated that this surgery was performed at the VA hospital in Lincoln, no corroborative medical evidence was offered.

A paternity action is an action at law, and, when a jury has

been waived, the findings of the court have the effect of a verdict of a jury and will not be set aside on appeal unless clearly wrong. *Glass v. Harper*, 195 Neb. 724, 240 N.W.2d 48 (1976); *Stauffer v. Wilson*, 182 Neb. 129, 153 N.W.2d 454 (1967). Furthermore,

> [t]he credibility of the witnesses is a matter for the trial court. It is not within the province of this court to resolve conflicts in or to weigh evidence. If there is a conflict in the evidence this court will review the judgment rendered, will presume that controverted facts were decided by the trial court in favor of the successful party, and the findings will not be disturbed unless clearly wrong.

*Stauffer, supra* at 131, 153 N.W.2d at 456.

With that in mind, suffice it to say that there was sufficient evidence to sustain a judgment against the defendant. Although the evidence conflicted over whether the defendant and the child's mother had sexual intercourse during the necessary time period, the court apparently believed the mother's version of the story. Her version was corroborated both by her father and by the blood tests. Although in his brief the defendant makes much ado about the mother's garbled and inconsistent testimony, she never wavered from her story that the defendant was the only man who could have fathered her child.

The judgment of the district court is affirmed.

AFFIRMED.

KRIVOSHA, C.J., not participating.